## PAUL *vs.* GRAVES.

Where a suit is commenced by the filing of a declaration in the clerk's office, &c. in a case where the cause of action accrues in vacation, and the declaration is filed before the next term, the declaration must be entitled *specially* as of the preceding term, as, for instance, " Of January term, to wit, the *thirteenth day of March, in the term of January, in the year*," &c.

ENTITLING of *narr.* The cause of action in this case arose on a promissory note due in February, 1830. The suit was commenced by filing a declaration in the office of one of the clerks of the court, in pursuance of the statuate, 2 *R. L.* 347, § 1, on the 13th March, 1830. The declaration was entitled, " As of January term, in the year of our Lord one thousand eight hundred and thirty." The defendant put in two special pleas, to one of which the plaintiff demurred ; the defendant joined in demurrer, and the cause was noticed for argument at the July term, but was not argued. In the demurrer book served, the plaintiff inserted a *memorandum*, in these words : " Otsego county, ss. Be it remembered, that *on the thirteenth day of March, in the year of our* Yord

one thousand eight hundred and thirty, *in vacation*, Cornelius M. Paul brought into the office of the clerk of this court, kept by T. H. Hubbard, Esquire, in the village of Utica, his certain declaration, as the commencement of his suit against Ezra Graves, and filed the same in the said clerk's office, as of January term, in the year of our Lord one thousand eight hundred and thirty, according to the practice of the court and in pursuance of the revised statutes in such case made and provided, which said declaration follows in these words, that is to say." A motion was now made to strike out of the memorandum the special clause stating the filing of the 'declaration on the 13th March, 1830, and making it general, as of January term, 1830.

*A. Osborn,* for defendant.

*J. L. Wendell,* for plaintiff. The declaration must be entitled of some term, and when filed in vacation, it must necessarily be as of the preceding term. It cannot be *special* as of a particular day, as when the cause of action arises *in term*, because it would be incongruous to say, " Of January term, that is to say, the 13th day of *March*, in the term of *January*, &c." when March is not *term* time, but is in *vacation*. In analogy to the filing of a bill against an attorney or other officer of the court, the declaration, though filed in vacation, may be entitled as of the preceding term. Pleas and subsequent pleadings in a cause, although received in vacation, are always entered on the record as of the preceding term; so a judgment by confession, entered in vacation, is in like manner entered on the roll.

The special entry in the memorandum, if warranted by the fact, is proper, and indeed absolutely necessary to prevent the defendant from alleging that the suit was commenced before the cause of action accrued. There is no necessity of specially entitling the declaration; for if the suit is prematurely brought, the defendant may shew the fact in pleading, in like manner as a plaintiff may shew the true time of issuing a writ to be subsequent to the teste.

ALBANY,
August, 1830.

Bates
v.
Loomis.

*By the Court*, MARCY, J.   It appears to me indispensable that the declaration should be entitled *specially*, as when the cause of action accrues on a particular day in term, notwithstanding that it be filed in *vacation;* and although it may seem incongruous to entitle a declaration as of a particular day *in term*, when in fact the day of the filing is *not* in term, yet to preserve the regularity of legal proceedings, and at the same time carry into effect the provisions of the revised statutes on this subject, such course is unavoidable. Where therefore, as in this case, the cause of action accrues in vacation, and the declaration is filed before the next term, it should be entitled as of the preceding term; as, for instance, "Of January term, to wit, the thirteenth day of March, in the term of January, in the year, &c." Unless this course be adopted, the consequence will be that the record, when made up, will on its face be erroneous; it will purport to be a record in a suit commenced previous to the cause of action accruing; and although the time and manner of the commencement of the suit might be shewn by alleging diminution and obtaining the proceedings to be certified by *certiorari*, still it is preferable that the course which has been suggested should be adopted.   It is the duty of the court to frame its practice in conformity to the provisions of the statutes, and we have concluded to adopt in this particular the form above suggested.   As the practice on this point has hitherto not been settled, the motion in this case is denied, and the plaintiff is permitted to amend without costs.