### NICHOLS *vs.* NICHOLS.

Irregularities in the *practice of the court* cannot be taken advantage of by *plea.*

DEMURRER to plea in abatement. The plaintiff declared in *assumpsit,* stating his cause of action to have arisen in *September,* 1830, and entitling his declaration *generally* as of *July term* preceding. The defendant demurred, assigning for cause

specially, that the suit was commenced before cause of action arose. It is then stated in the demurrer book, that at the *October term*, 1830, the plaintiff obtained leave to amend, and that he accordingly brought into court an amended declaration, entitled as of the last mentioned term, which is set forth.   To this declaration the defendant pleaded in *abatement* that the suit was commenced by the filing and service of the declaration, that such service was on the *sixth* of October, and that the first day of the October term was the *eighteenth* day of October, a day subsequent to the commencement of the suit ; wherefore he prayed judgment of the declaration, and that the same might be quashed.   The plaintiff demurred.

*H. E. Davis,* for the plaintiff.

*S. Stevens,* for the defendant.

*By the Court,* NELSON, J.   In *Paul* v. *Graves,* 5 *Wend.* 76, the court passed upon the subject of entitling a declaration, when the suit is commenced by the filing and service of a declaration, and the cause of action arises in vacation. The practice there settled shews that the declaration in this case is erroneously entitled.   But there is no principle, or reason, or analogy, upon which this error can be taken advantage of by plea; it is matter which belongs exclusively to the practice of the court, and as such, under its control.   It is a well settled and salutary rule, and should be rigidly adhered to, that the practice of the courts is not a matter available by way of plea.   1 *Chitty's Pl.* 460, *and cases there cited.*   If this rule should be relaxed or departed from, courts would be inundated with issues in law and fact, not involving the merits of the case, but simply presenting questions of practice.

Judgment of *respondeas ouster.*