MICHAELS & DERRICK *vs.* SHAW.

In an action against a *sheriff* for a *false return* of a *fieri facias*, the return may be alleged to have been made on the return-day of the process, although the process was returned long after the day of the return.

The cause of action, however, does not accrue until the execution has been actually returned and made matter of record, and then its return has relation to the return-day of the writ.

Where a suit is commenced by the filing and service of a declaration, the day of the actual commencement of the suit may be shown on the trial, where the rights of the parties require such proof.

THIS was an action on the case for a *false return*, tried at the New-York circuit in January, 1832, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration was capped of *July term*, 1831. It set forth a judgment in favor of the plaintiffs against one W. B. M'Lean, in the common pleas of N. Y., a *fieri facias* issued thereon, tested the third Monday of *November*, 1830, returnable the third Monday of *December* thereafter, and a return of *nulla bona* made *on the day of the return of the process,* which return it was alleged was false. On the trial of the cause, the plaintiffs produced the *fi. fa.*, which purported to have been *filed in the clerk's office on the 8th of August,* 1831. The defendant's counsel moved for a nonsuit, on the ground that the suit had been commenced previous to the accruing of the cause of action. The plaintiffs offered to prove that the suit was commenced by the filing and service of a declaration, and that the declaration was filed on the eighth and served on the eleventh of *October*, 1831 ; but the evidence was rejected by the judge, and the plaintiffs were nonsuited. The plaintiffs ask for a new trial.

*T. C. Pinckney,* for plaintiffs.

*A. L. Robertson,* for defendant.

*By the Court,* SAVAGE, Ch. J. The judge erred in nonsuiting the plaintiff. The declaration is certainly right in charging the false return to have been made when the exe-

cution was returnable ; and there can be no doubt that a re-. turn, made long after the return day, may be given in evidence under such a declaration. This is not controverted. For this purpose the return, when actually made, has relation to the return day of the writ. It is however undoubtedly true that no cause of action existed, until the return became matter of record ; and from the memorandum of the clerk upon the execution, it appears the return was not in fact made until the 8th of August, 1831. The suit was commenced in October afterwards, as the plaintiff offered to show. The judge refused this evidence, because the declaration bore a caption of July term, 1831. This declaration was the commencement of the suit, and is a substitute for process. I know of no case where the time of issuing the writ becomes important, in which it is not allowed to prove it. By the caption, the cause of action is supposed to have existed before the July term ; but where the question is one of fact, to be inquired into at the circuit, whether the suit was actually commenced at that time, it is equally proper as to show the time of issuing a capias. The capias is supposed to have issued when it is tested, but it is always proper to show the true time of issuing it, when the cause of action accrued subsequent to the teste. The teste of the writ and the caption of the declaration, for this purpose, are matters of form, and should be moulded to advance substantial justice. In the case of *Paul* v. *Graves.* 5 Wendell, 76, it appeared on the face of the declaration that the cause of action arose subsequent to the caption of the declaration, which is taken upon the record for the time of the commencement of the suit ; and we allowed the plaintiff in that case to do by pleading the same thing which the plaintiff in this case offered to do by evidence, to wit, to tell the truth, to show that the suit was in fact commenced after the cause of action arose. Fictions of law should never be allowed to defeat the substantial rights of parties. *"In fictione juris semper subsistit æquitas."*

      Nonsuit set aside ; new trial granted.