## The People, *ex relat.* Fishers, *vs.* The New-York Common Pleas.

Where on a demurrer to a declaration for the cause that the caption of the declaration was of a day anterior to the accruing of the cause of action, a court of common pleas gave judgment for the plaintiff and also allowed him to amend his declaration so as to cure the defect, and at the same time refused leave to the defendant to plead to the amended declaration, a *mandamus* was awarded directing the common pleas either to vacate so much of their order as gave the plaintiff leave to amend, or so much thereof as refused the defendant leave to plead. Costs are awarded where the judges instead of obeying the alternative writ make a return; in such cases it is presumed they are indemnified by the party in interest.

Motion for *peremptory mandamus* on the coming in of the return to an *alternative* writ. Shiner sued the relators in the court below and declared in covenant. The declaration was entitled generally of December term, 1835, which commenced on the 21st day of that month, and the breach of which the plaintiff complained was alleged to have happened on the 25th December, 1835. The defendants demurred, assigning several special causes of demurrer, but did not assign for cause that the action was prematurely brought. They relied upon this ground on the argument of the demurrer, abandoning the special causes [535] assigned. The court overruled the demurrer, gave the plaintiff leave to

The People v. The New-York Common Pleas.

amend his declaration either in the caption or the date of the breach, and re-fused the defendants leave to plead to the amended declaration.  The alternative writ required the court either to vacate so much of their order as gave the plaintiff leave to amend, or so much as refused the defendants leave to plead to the amended declaration, or show cause, &c.  The opinion of the court on overruling the demurrer is made a part of the return.  They say: "There is no question but that the *narr.* is erroneously entitled.  It ought to have been entitled as of a day subsequent to the breach.  But such error in the mere practice of the court cannot be taken advantage of by a plea.  It must be by a motion.  (9 *Wendell*, 264. 5 *id.* 76.)"  As the ground for allowing the plaintiff to amend, they refer to 2 *R. S.* 352, § 5; and as the ground for refusing the defendants leave to plead, they refer to the same page, § 6.

*J. L. Wendell*, for the motion.

*W. Silliman*, opposed.

*By the Court*, BRONSON, J.  The court of common pleas entirely misapprehended the decisions in the two cases to which they refer.  This court has never said that a declaration can be maintained which is entitled before the cause of action accrued; or, what is the same thing, that the plaintiff can sue when he has no cause of action.  The objection in this case appeared upon the face of the declaration, which was no doubt bad upon general as well as special demurrer.  *Paul* v. *Graves*, (5 *Wendell*, 76,) decides nothing to the contrary, but proceeds upon the ground that the objection would be fatal, and the plaintiff was allowed to amend, for the purpose of avoiding the consequences of his mistake.  The other case relied upon, is *Nichols* v. *Nichols*, (9 *Wendell*, 263.)  But the declaration in that case was not defective.  The defendant attempted to lay the foundation for an objection to the action, by a plea in abatement that the [536] declaration was in fact filed before the day of which it was entitled.  The plea was overruled on the ground that it set up matter which belonged exclusively to the practice of the court, which could not be made available by way of plea.  All that this case decides, is, that if the declaration be improperly entitled, the remedy of the defendant is by motion, and not by pleading.  In the case before the court, if the cause of action had in fact accrued before the declaration was filed, the plaintiff should have amended, instead of joining in demurrer.  If he did not discover his error until the argument, the court should have given judgment against him, but permitted him to amend on the usual terms.

But the alternative writ was not awarded for the purpose of reviewing the judgment of the common pleas on the demurrer.  The mode of coming at that question is by a writ of error.  Neither was the writ ordered on the ground that the court below improperly refused the defendants leave to withdraw the demurrer and plead.  Whether this court would under any circumstances interfere by mandamus in such a case, need not now be decided.  For all the purposes of the present motion it may be conceded that the demurrer was properly overruled, and that the court was right in refusing the defendants leave to withdraw it.  But the court went further, and allowed the plaintiff to amend, and refused the defendants leave to plead to the amended declaration.  To say nothing of the unusual course of permitting the plaintiff to amend where the judgment or demurrer was in his favor, I can perceive no possible ground upon which the defendants could justly be denied the right of answering the amended declaration.  If the demurrer was frivolous, all the plaintiff had a right to ask was that it should be overruled, and that the defendants should not be allowed to withdraw it and plead.  Beyond this the defendants had rights.  They could bring error, and review the judgment of the common pleas.  Of this right, and of every means of defence, they have been entirely deprived by the order allowing the plaintiff to amend, without permitting them to answer.

[537]    The return states that the plaintiff was allowed to amend the declaration

either in the caption or the date of the breach, "because those defects are not specially set forth as causes of demurrer;" and 2 R. S. 352, § 5, is referred to as requiring this course. This is not a new provision; and the practice under it has not been to *amend*, but to *overlook and disregard* all those defects and imperfections of form which are not specially pointed out by the demurrer. But there is a further answer. The plaintiff was allowed to amend—not a mere *formal* defect or imperfection in his pleading—but in a matter of *substance*. It appeared from his declaration that he had no cause of action when the suit was commenced : which was a very different thing from those formal defects and imperfections which the court will disregard if not specially assigned as causes of demurrer.

The 6th section was cited to show that the court could not allow the defendants to plead after overruling the special demurrer. That consequence will sometimes follow where the defendant fails on a special demurrer, but not always. (*Bolton* v. *Lawrence*, 7 *Wendell*, 461.) In the case before the court, the statute has no bearing whatever upon the question. It only provides that under certain circumstances the defendant shall not have *two* opportunities of answering the same pleading : but here the defendants have been denied even *one* such opportunity. To the plaintiff's amended declaration they have neither pleaded nor demurred.

If that part of the rule which authorizes the amendment be vacated, the plaintiff will have his judgment, and the defendants may bring error if they shall be so advised. But if the plaintiff is allowed to amend, the defendants clearly have the right to plead. One or the other branch of the rule should be vacated, and the motion for a peremptory mandamus must be granted.

The relators are entitled to costs. (*The People* v. *Onondaga C. P.*, 10 *Wendell*, 598.) The judges may always protect themselves against costs by obeying the alternative writ. Where they omit to do so and make a return, it may be presumed that they are indemnified against costs by the party in interest.