By the Court,

Cowen, J.
It is impossible that this variance from the title of the declaration on file could have misled Shepherd when compared with the bill of particulars of a note not due on its face till 1842. Whether the defendant can be misled or not, I think furnishes the true test of the service of process, (and this declaration was in the nature of process,) as well as of the service of a notice. It is said that the statute requires that a copy of the declaration should be served; and were we to follow some of the earlier decisions of Westminster Hall on the uniformity of process act, we must indeed hold this service to be defective since the decision that a title to a declaration intended for process is a material part of it." (Paul v. Graves, 5 Wend. 76.) But the earlier practice in England on the statute •mentioned has been departed from as impracticably strict; and now, if the defendant cannot he misled or prejudiced by a mistake in the copy, the service is holden well. (Vid. the cases in 3 Chit. Gen. Pr. Am. ed of 1836, p. 229 to 232.) It is a rule with us that the copy of an affidavit to be used as the foundation of a special motion must be served: and yet, we dispense with a copy of the jurat where the facts purporting to be stated in the body of the affidavit are intelligible without it. (Livingston v. Cheetham, 2 John. R. 479. Chase v. Edwards, 2 Wend. 283.)
Motion denied.