ALBANY,
Dec. 1833.

The People
v.
Onondaga
C. P.

*D. Graham, jun.,* for relators.

*W. Mulock,* contra.

---

THE PEOPLE, on the relation of Matthews, *vs.*
ONONDAGA C. P.

*Costs* may be awarded upon the granting of a peremptory *mandamus,* although no return has been made to the alternative *mandamus,* and without the appearance of the party to be affected by the proceeding.

December 5.

A MOTION was made to vacate so much of the rule granting a peremptory *mandamus* in this case as awarded costs to the relator, on the ground that the peremptory mandamus was granted, not upon the coming in of a return to the alternative writ or the appearance of the party interested in the matter, but simply upon proof of the neglect of the judges to yield obedience thereto. It was contended that costs could not properly be awarded in such a case. The rule was granted in *June* last.

*By the Court,* SUTHERLAND, J. It might well have been questioned, previous to the act of 1833, giving power to this court in its discretion to award or refuse costs in suits and proceedings upon writs of *mandamus,* whether costs could properly be awarded upon granting a peremptory *mandamus,* where no return had been made to the alternative writ, and where there had been no appearance by the party to be affected by it. By the revised statutes, this court are authorized to award costs to the relator whenever a peremptory mandamus shall be granted, *upon the coming in of a return* to a previous writ, 2 *R. S.* 619, § 41. This provision would not authorize an award of costs where a return was *not* made. The act of 1833, however, is broader in its terms; its language is, " in suits and proceedings upon writs of mandamus, the supreme court may, in its discretion, award or refuse costs to any party therein," *Laws of* 1833, *p.* 395, § 6 ; and although it is susceptible of the construction that its object was simply to make costs in cases which were before authorized, subject to the discretion of the court, instead of its being mandatory upon the court to grant them, yet it admits of a larger and more extended construction ; and I feel not disposed to disclaim the jurisdiction which the statute confers. The motion therefore is denied, but without costs.