Emmons v. Cairnes.

EMMONS *vs.* CAIRNES, &c.

Where the defendant took eight exceptions to the complainant's bill, for impertinence, seven of which were allowed by the master, and the complainant excepted to the report, and the vice chancellor disallowed all the exceptions allowed by the master; and, upon appeal to the chancellor, the decision of the vice chancellor was reversed as to one exception only; and the order upon the appeal directed that neither party should recover costs against the other, upon the exceptions to the bill, or on the reference thereof, or upon the appeal; but that the defendant should pay to the complainant six-eighths of the costs upon the exceptions to the master's report, to be taxed; *Held,* that the 62d rule did not apply, and that the complainant was entitled to six-eighths of the taxable costs upon the exceptions to the master's report, and was not limited to $10.

Where a bill of costs which is verified by affidavit is taxed, and the same is afterwards re-taxed by the consent of the parties, and the necessity of verifying the bill upon the re-taxation is waived by the defendant; the general affidavit attached to the first bill is sufficient evidence, prima facie, that the services charged in the bill have been performed. And the verification of the last bill by affidavit being waived by the defendant, he cannot object that the services charged in such bill have not been performed; without producing some evidence before the taxing officer tending to establish that fact.

It is not sufficient to produce evidence of the incorrectness of the bill, upon the hearing of an appeal from the decision of the taxing officer. Such evidence must be produced before such officer. And the appeal from his taxation must be decided on the same state of facts that was presented to him upon the taxation of the costs.

THIS was an application, by the defendant W. Skidmore, for the re-taxation of the complainant's costs, upon exceptions to a mas-

Emmons *v.* Cairnes.

ter's report, on exceptions to a bill for impertinence. Eight exceptions were taken to the bill, and the master allowed them all except one. The complainant excepted to the report, and the vice chancellor disallowed the exceptions which were allowed by the master. Upon appeal to the chancellor, the decision of the vice chancellor was reversed, as to one exception only. And the order, upon the appeal, directed that neither party should recover costs against the other upon the exceptions to the bill, or on the reference thereof, or on the appeal; but that the defendant Skidmore should pay to the complainant six-eighths of the costs upon the exceptions to the master's report, to be taxed. A bill of costs was made out, and verified in the usual form, and was taxed. The complainant consented to a re-taxation, upon condition that he should be permitted to make out a new bill, containing additional charges; and upon this bill the defendant waived the necessity of an affidavit verifying the charges before the taxing officer. The defendant objected to two items, which were contained in the original bill, as well as in the new bill. But he produced no affidavit, or other evidence, before the taxing officer, to show that the services had not been performed as charged. On the application for re-taxation, however, he produced an affidavit questioning the performance of the services. He also insisted that, under the provisions of the 62d rule, the complainant was only entitled to have his costs taxed at six-eighths of ten dollars.

*N. Dane Ellingwood,* for the complainant.

*W. Skidmore,* defendant in person.

THE CHANCELLOR. The objection to the items of costs was not well taken. The general affidavit to the first bill, which included these items, was sufficient evidence, prima facie, that the services had been performed. And the defendant having waived an affidavit of verification to the last bill, could not object that the services had not been performed; without producing some evidence, to the taxing officer, tending to show that

fact. It is not sufficient to produce evidence here, for the first time, showing that the services charged in the bill, and verified in the usual way, were not in fact performed. But such evidence should be produced before the taxing officer. And if he decides wrong, upon the evidence before him, the court will correct such decision upon the same state of facts which were presented to him. The charge for the affidavit verifying the bill of costs was properly allowed, although no such affidavit was annexed to the last bill. Such an affidavit having been made and annexed to the first bill, the complainant was entitled to charge for it, although the defendant waived a verification of the new bill; as only one charge for the service was made.

Upon examining the terms of the order under which these costs was allowed, I think the taxing officer was right in supposing that the sixty-second rule did not apply. The object in limiting the amount of costs, where a party does not succeed as to the whole of his exceptions to the master's report, was to relieve the court from the necessity of apportioning the costs in reference to the exceptions allowed. But in this case, as it appears, the court thought proper to apportion the costs in reference to the number of exceptions finally allowed, so far as related to the costs of the hearing before the vice chancellor; and to allow the complainant no costs on the appeal, although he had succeeded as to six-sevenths of the exceptions which were in controversy upon such appeal. It must, therefore, have been the intention of the court, by this order, to give to the complainant six-eighths of the taxable costs, upon the exceptions to the master's report, to which he would have been entitled if all of such exceptions had been finally allowed, by the vice chancellor, and there had been no appeal. The construction would have been otherwise if the order had simply allowed costs upon the exceptions, to be taxed. For, in that case, the taxing officer would merely strike out of the bill the charge for drawing and copies of the single exception, to the master's report, which was finally disallowed; and would allow the other charges in full, but limiting

the whole amount of costs to be paid by the defendant to ten dollars.

The application for re-taxation must be denied, with ten dollars costs.