THE PEOPLE, ex rel. Magee, *vs.* DENSMORE, late sheriff, &c.

In all cases of suits and proceedings upon writs of mandamus, the granting of costs to the one party or the other is exclusively a matter of discretion with the court; and they may be awarded or refused, as the equity and justice of each particular case may require.

Where a rule for a peremptory mandamus is silent as respects costs, and there is nothing to show that it was the intention of the court to grant costs to the relator, such rule will not be amended so as to provide for the payment of costs.

ON the third day of February, 1847, at a special term of the late supreme court, the relator obtained an order for an alterna-

tive mandamus to be directed to the defendant, late sheriff of Ontario county, commanding him to file in the office, of the clerk of the county of Ontario, the certificate of sale executed in his name by Alonzo Seymour, his deputy, a copy whereof was annexed to the moving papers, or show cause &c. at the then next special term of said court, why a peremptory mandamus should not issue. An alternative mandamus was issued in pursuance of such order, which with a certified copy of the order, was duly served upon the defendant, on the 12th day of March following. On the 9th day of June, 1847, the same court, at a special term thereof, on application of the relator, made an order that a peremptory mandamus issue; but the order was silent as to costs.

The affidavits read on the present motion, show that at the last April special term of the court, further time was allowed the defendant, until the 15th day of May following, to file and serve his return to the alternative mandamus, and that on the said 9th day of June last, the defendant not having filed or served any return, the court granted the order for a peremptory mandamus, by default. The affidavit of the attorney for the relator states, that by the inadvertence of the counsel, the rule entered by the clerk on the granting of the peremptory mandamus omitted the words "with costs." The affidavit of Mr. Howard, the deputy clerk of the court, stated that on the said 9th day of June, James Edwards, Esq., as counsel for the relator, upon reading and filing a copy of the alternative mandamus, copy of the rule of the 3d of February, 1847, and the admission of service, moved for a peremptory mandamus, and no opposition being made, the motion was granted. That said Edwards handed the papers to him, to enter the rule, without any other directions than that the motion for a peremptory mandamus, was granted; whereupon he, the deputy, entered the rule as above stated. That the motion was granted by default, no one appearing to oppose. The deputy swears farther, that if he had been aware of the statute, (2 *R. S.* 514, § 44, 2d. *ed.*) or had his attention been called to it "he

would have entered the said rule as it ought to have been done, with costs."

A motion was now made to amend the rule directing the peremptory mandamus to issue, by adding thereto the words " with costs," in such manner as to give to the relator the costs of the proceedings, &c.

*E. Howell*, for the motion.

*W. Barnes*, in opposition.

WELLES, J.   The counsel for the relator supposes that the court, on granting the peremptory mandamus in this case, was bound by law to grant costs, by force of the statute, (2 *R. S.* 619, § 41,) and it appears from the affidavit of the deputy clerk who entered the rule, that if his attention had been called to the section of the statute refered to, he would himself have so entered the rule, without reference to the question whether the court had actually granted costs.   I think, however, that the court had a discretion to allow or refuse costs.   By the sixth section of the " act relative to proceedings in suits commenced by declaration and for other purposes," (*Laws of* 1833, *p.* 395, § 6,) it is provided that " in suits and proceedings upon writs of *mandamus*, the supreme court may, in its discretion, award or refuse costs to any party therein."   But independent of the law of 1833, I think it very questionable whether the present case came within the provision of the section of the revised statutes referred to.   The case provided for there is where the mandamus is granted "*upon the coming in of a return to a previous mandamus.*"   In this case there was no return to the alternative mandamus. (*The People, ex rel. Mathews*, v. *Onondaga C. P.* 10 *Wend.* 598.)   As the law now stands, therefore, I think it safe to say that in all cases of mandamus, the granting of costs to the one party or the other, is exclusively a matter of discretion with the court, and they may be awarded or refused, as the equity and justice of each particular case may require.

The only remaining subject of inquiry is, did the court upon granting the rule for a peremptory mandamus, actually order the defendant to pay costs? If they did, and by the inadvertence of the counsel or the clerk, it was omitted to be inserted in the rule, I think I should be justified in ordering the amendment moved for. But this should be made clearly to appear; as the present court have no power to review the proceedings of the late court. And if that court did not decide that the relator should have costs, the order being sufficient on its face to be operative, I think it must now be regarded in the same light as if it had in terms denied costs.

The affidavits entirely fail to show that costs were in fact granted by the court, upon ordering the peremptory mandamus. The only witnesses on the subject are Mr. Howell, the attorney for the relator, and Mr. Howard, the deputy clerk. They both state in their affidavits that the order was granted by default. Neither says a word as to what the decision of the court actually was, on the subject of costs. I infer from the affidavit of the deputy clerk, that the court did not in fact grant costs; although he would have entered the rule with costs upon his own responsibility, had he understood the law the same as when his attention was afterwards directed to the statute.

The motion is denied, but without costs.

---

SAME TERM.     *Before the same Justice.*