## SUPREME COURT.

THE PEOPLE, *ex rel.* JOHN LUMLEY and another agt. MORGAN LEWIS and others, Commissioners of Highways of the town of Cherry Valley.

Where an *alternative writ of mandamus* is granted, a return made thereto, and issues of fact joined thereon, the case becomes an *action* under the Code, and is not a special proceeding.

*Costs* in actions of *mandamus* are not affected by the fee bills of 1840, or the Code, and are still to be taxed under the fee bill contained in the Revised Statutes.

The rule of *stare decisis* must command some respect both from the bar and the bench.

A *county judge* has power to tax costs under the old fee bill.

A party desiring a *re-taxation* of costs must move without delay, and the motion must be founded on the papers used before the taxing officer below.

A general objection to every item in a bill of costs as illegal, &c., is not available on motion for re-taxation

*Oneida Special Term, March,* 1863, ALLEN *Justice, and Broome General Term, January,* 1863.

*Before* CAMPBELL, PARKER *and* MASON, *Justices.*

MOTION for re-taxation of costs. The action was mandamus to compel the defendants to open and work a highway. The defendants made a return to the alternative writ, and the relators pleaded to the return. The issues of fact were tried at the circuit, and a verdict rendered, and judgment ordered for a peremptory writ and costs in favor of the relators. For a full statement of the facts, see report of the case on the merits (26 *How.* 378).

The relators' costs were made up under the fee bill of the Revised Statutes, and were taxed accordingly by the county judge of Otsego county, on the 11th day of April, 1862. On the taxation, the defendants' counsel objected to the authority of the county judge to tax the costs, and also objected that the bill of costs could not be taxed, for the reasons, 1. That said costs were properly taxable under the Code; and 2. That said costs were taxable under the fee bill of 1840, as amended in 1844, which objections were all overruled. The defendants' counsel also objected generally to every item in the bill as improper and illegal, and as improperly charged, but did not specify any item separately as objectionable, or state any objection, or any grounds therefor to any single item in the bill. The bill was taxed at the full amount, $540.46, and filed on the same day, with the affidavits and papers used on the taxation. Four general terms in the district, and eleven special terms, at either of which this motion might have been made, had elapsed since the taxation.

D. C. BATES, *for motion.*

E. COUNTRYMAN, *contra.*

ALLEN, J. The gross amount of costs allowed was very large, and very likely excessive, but of this I cannot speak, for the reason I have not examined and do not propose to examine the bill in detail. But upon a cursory examina-

tion I am inclined to think that many items were errone-
ously allowed, and other items proper upon the theory upon
which the costs were taxed, were taxed at too large an
amount. But for this the attorney for the defendants is in
a measure responsible, for omitting to object in proper form
and call the taxing officer's attention to the precise objec-
tion, and perhaps if the error of the officer in taxing the
items was the only ground of objection, the defendants
would be remediless. But the objection to the principle
of taxation was taken before the officer, and involves a
question of right, and has not been lost or waived by any
laches.

The question is one of importance, and is whether the
anomaly still exists, that in proceedings by mandamus, the
costs are to be taxed under the obnoxious fee bill of 1830,
while in every other suit and proceeding a more modern
fee bill is to be resorted to, and this notwithstanding the
efforts of the legislature to repeal it and substitute one
that was thought to be more just and reasonable, to wit :
in 1840, 1844 and 1848. It is not a question whether a
proceeding by mandamus when it progresses to a return,
may or may not be in some sense regarded as " an action "
or " a suit," which is more comprehensive than an action,
and be so styled. We have to do with a statutory defini-
tion and division of legal remedies into " actions " and
" special proceedings." An action is declared to be an
" ordinary proceeding " in a court of justice by which a
party prosecutes, &c.; and a " special proceeding " embra-
ces every other remedy (Code, §§ 2, 3). Section 2 is broad
enough in terms, when speaking of the purposes and objects
for which " an action " may be brought, to embrace and
include every legal proceeding. For there can be no legal
process or procedure except " for the enforcement of a
right, the redress or prevention of a wrong, or the punish-
ment of a public offence." The material and distinctive
part of the definition is the words " ordinary proceeding,"

This distinguishes an action from an extraordinary or special proceeding, and restricts the term to a procedure which would answer to an ordinary action at law or suit in equity.

Now a mandamus is not an ordinary proceeding. It is known as a high prerogative writ, and it is issued in the exercise of an extraordinary power, and although it is to a certain extent assimilated to an action, it is not made an action. The court grants the writ in the exercise of its general supervisory power, and to prevent a failure of justice, and when there is no other specific legal remedy for a legal right. It is not a writ of right, but is granted in the discretion of the court. The court will not interfere by mandamus when an action will lie, or when there is any other remedy at law (*Tapping on Mandamus*, 20, *et seq*). Costs, the right to execution, and a writ of error from judgments in mandamus cases, have been from time to time annexed by statute to the proceedings as incidents to them, but such incidents do not affect the character of the jurisdiction or the remedy, and make it an " ordinary proceeding." Judge POTTER, in *People* agt. *Colborne* (20 *How.* 378), goes no farther than this. He merely regards a mandamus as a " suit," or a " proceeding on mandamus " "an action," within the equity of certain statutes, although he did not regard that conclusion as even necessary for the purpose of determining the question then before him. If proceedings by mandamus were actions, technically or otherwise, costs would follow as of course under statutes giving costs in legal actions generally, but such has not been the case, and special statutes have been required to entitle the prevailing party to costs, and to charge them who should pay them. (*Tapping on Mandamus*, 394 ; 2 *Revised Statutes*, 587, § 57, 619, §§ 39, 40; *Laws of* 1833, 395, § 6 ; *People* agt. *Onondaga C. P.* 10 *Wend.* 598.)

Mandamus proceedings have been regarded as special proceedings as defined by the Code, by courts and judges in several cases. They were incidentally so spoken of by

HARRIS, Justice, in 12 *How.*, *at page* 99, and were directly so held in *People* agt. *Schoonmaker* (19 *Barb.* 657), and see *Crary's Practice*, 305. The act of 1854 (*Laws of* 1854, *p.* 592,) gives an appeal to the general term from an order, judgment or final determination in special proceedings, and it was held in the case last cited that a judgment or final order in mandamus was within this section, and see *Boyd* agt. *Bigelow* (14 *How.* 511).

For all the purposes of costs, appeals from decisions in special proceedings are regarded as actions (*Code*, § 318, *as amended in* 1862). By the act of 1854, costs when allowed in special proceedings are to be at the rate allowed for similar services in civil actions (*Act of* 1854, *ch.* 270, § 3). By section 471 of the Code, it is enacted that until otherwise provided by the legislature, the second part of the Code shall not affect proceedings by mandamus or prohibition. This part of the section stands as it was first enacted. The provisions regulating costs on appeal in special proceedings, first found a place in the Code in 1849 (*see* § 318). And the act prescribing the rate of allowance in special proceedings, was first passed in 1854; and if a proceeding by mandamus is as I think it to be, "a special proceeding" under the Code, the act is a legislative provision upon the subject so far as costs are concerned, bringing it within the operation of the second part of the Code, and taking it out of the exception created by section 471.

I am told that this is adverse to the practice in the first and sixth districts. I should regret very much to be found in hostility to the courts in those districts, and had I before me the decision of either court I certainly should follow it; although some were referred to they were not cited, and if they have been reported I have not been so fortunate as to see them, and I am compelled to decide in accordance with my own convictions. The taxation must therefore be set aside, and the costs readjusted and inserted in

the roll in accordance with the fee bill provided for by the Code, neither party to have costs of this motion.

The relators brought an appeal to the general term.

E. COUNTRYMAN, *for appellant.*

I. Mandamus cases are not special proceedings, within the meaning of *chap.* 270, *Laws of* 1854. When issues of fact are joined therein, they become *suits* or *actions*, as those terms are used in the law. Judge ALLEN holds that a mandamus case is not an " *ordinary* proceeding in a court of justice," within section 2 of the Code, and is therefore a *special* proceeding. The word " ordinary," according to WORCESTER means " established," " settled," " accus-, tomed," " common," " usual," " often recurring." It cannot be necessary to cite authorities to show how firmly " established," well " settled," and long " accustomed "— how " common," " usual " and " oft recurring " in practice, is the old remedy of mandamus. *Tapping on Mandamus,* 2, 56, declares the remedy so ancient " that the exact date of its institution cannot with any accuracy be shown," although he claims to have traced it to *magna charta.* An examination of the reports under the various classifications of legal remedies existing before the Code, would show no other mode of legal redress more frequently sought and obtained in the courts. But the true explanation of an " ordinary proceeding " is given in § 245 *of the Code,* which defines a *judgment* to be " the final determination of the rights of the parties in an *action.*" Hence Judge HARRIS held in *The Peple ex rel. Bender* agt. *The County Judge of Rensselaer* (13 *How.* 400), " that any judicial proceeding which if conducted to a termination will result in a judgment, is an action." In this case the litigation has resulted in a judgment. The legislature of 1863, while Judge ALLEN was writing his opinion, solved the question against him. By the amendment of that year to

section 471 of the Code, it is provided " that in *actions* or proceedings by mandamus, amendments of any mistakes in the process, pleadings or proceedings therein, may be allowed," &c. This was clearly the doctrine also of the Revised Statutes, which provide that whenever the relators plead or demur to the return, " the like proceedings shall be had therein for the determination thereof," as in an " action on the case for a false return," and " as in personal actions," and that a recovery therein " shall be a bar to any *other* action " for making such return (3 *R. S.* 5*th ed.* 898, §§ 15, 19). This question was very ably discussed in *People* agt. *Colborne* (20 *How.* 380, 382), and as Judge ALLEN would seem to entertain a doubt as to the precise conclusion to which Judge POTTR arrived, it had better be stated in his own language, *page* 382. " I am, therefore, *clear* in my view of its meaning, that the proceeding now in question was an action." In the *Commercial Bank of Albany* agt. *Canal Commissioners* (*Court of Errors*, 10 *Wend.* 32), Chancellor WALWORTH, referring to the changes effected by 9 *Ann, ch.* 20, said : " After the passing of the statute of Ann, the proceeding in cases (of mandamus) coming within its provisions assumed the form of *ordinary suits.*" Judge ALLEN cites *Tapping*, to show that a mandamus is " a high prerogative writ," and an extraordinary remedy. But *Tapping* was there speaking of the original remedy as it existed at common law, before the recent modifications created by various statutes, and after citing these statutes at length, which are very similar in their provisions to those of New York, he says that " the writ of mandamus is at *this day*, from the period at least of the return, *entirely* assimilated to an action." (*Tapping on Mandamus*, 61, 8 ; *see also* 3 *Black. Com.* 265.) True the writ may be said to be granted in the discretion of the court. But this discretion is not capricious or arbitrary. Legal discretion never means either in civil or criminal law, arbitrary will. In the language of Lord MANSFIELD, " discre-

tion when applied to a court of justice, means sound dis-
cretion guided by law; it must be governed by rule, not
by humor; it must not be arbitrary, vague and fanciful,
but legal and regular." The writ will always be awarded
as matter of right, upon proper case shown (*see* 2 *John.
Cases*, 2d ed. 217, *note* 4). The doctrine of prerogative
was exploded in *Kendall* agt. *The United States* (12 *Peters*,
608). Judge THOMPSON in delivering the opinion of the
court (*p.* 614), said : " It (mandamus) is a writ, in England
issuing out of the king's bench in the name of the king,
and is *called* a prerogative writ, but considered a writ of
right." And page 615 : "It is an action or suit brought
in a court of justice, asserting a right, and is prosecuted
according to the forms of judicial proceedings." Judge
ALLEN's definition of an " ordinary proceeding," would
exclude criminal cases from the class of actions. These
cases are clearly not commenced by summons or by *consent*,
as prescribed by the Code. And they are only instituted
by permission of the grand jury, in the exercise of judicial
discretion. Still they are embraced in the definition of
actions (*Code*, §§ 2, 3, 4, 5, 6). "There are various modes
of commencing an action. In courts of record since the
adoption of the Code, it must be by summons, &c. But
*other* modes have been and may be prescribed in particular
cases " (13 *How.* 400, *supra*). And it was held in that case
that proceedings under the general lien law, commenced by
a simple notice to the adverse party, which resulted in a
judgment, was an action. Judge ALLEN argues that a
mandamus case is not an action, because it cannot be
resorted to " when there is any other remedy at law."
This rule has always applied to all classes of actions. A
party having a remedy at law, was bound to resort to the
proper action. He could not bring trover or trespass,
when the proper action was assumpsit or covenant, and *vice
versa*. On the same principle he could not have an action
of mandamus, when any other action would afford him

People *ex rel.* Lumley agt. Lewis.

proper relief or compensation.   Judge ALLEN concedes that a " suit in equity " is an action.   But these " suits " or " cases in chancery," as well as mandamus cases, were originally instituted for precisely similar reasons, to wit : in order " to prevent a failure of justice " from the want of specific and adequate remedies at law.   " An ordinary proceeding in a court of justice," may be described as con- sisting of the following successive steps of procedure : *Process,* by which the party complained of is brought be- fore the court; *pleadings,* by which the nature of the demand and the defence is exhibited to the court by the respective parties; *trial* or *hearing,* by the court of the case so presented; *judgment* or *decree,* by which the court awards or denies the remedy sought to be obtained ; and *execution,* by which the judgment is actually and specifically enforced.   Every other proceeding is extraordinary, sum- mary or special.   The Code definition of an action may then be paraphrased as follows :   It is any judicial pro- ceeding to enforce or protect a right, to redress or prevent a wrong, or to punish a public offence, which, when insti- tuted, is pursued by the regular procedure or established mode of litigation, as by pleading, trial, judgment, execu- tion, and writ of error or appeal.   It is admitted that there is a class of proceedings by mandamus, which are strictly motions, and are summary or special in their nature, to which the statute of 1854 can be properly applied.   Pre- vious to 1854, as since, a party had his choice of two courses, either to apply directly on affidavits for a *per- emptory* writ, under the usual notice of motion or order to show cause, or for an *alternative* writ, by serving which a regular suit was commenced to obtain the peremptory writ.   But in the former case prior to 1854, the questions between the parties " being heard on affidavits merely, no formal judgment was given and the decision was *final,*" unless the court *ex gratia* allowed a formal record to be made up for the express purpose of obtaining a writ of error.   (*Peo-*

*ple* agt. *Judges of Rensselaer C. P.* 3 *How.* 165 ; *People* agt.
*Throop,* 12 *Wend.* 183 ; *ex parte Jennings,* 6 *Cow.* 518 ; *Com-
mercial Bank of Albany* agt. *Canal Commissioners,* 10 *Wend.*
31 ; *People* agt. *Cayuga C. P.* 10 *Wend.* 633 ; *People* agt.
*Supervisors of New York,* 20 *Barb.* 86 ; *People* agt. *Beebe,*
1 *Barb.* 379.)    The act of 1854 so far modified the old law
as to allow an appeal from the *order,* without directing a
formal record or judgment, and where the facts are uncon-
troverted the summary proceeding is now advisable.    But
where the *facts* are disputed, now, as heretofore, an alter-
native writ must be obtained.    Judge ALLEN's misapplica-
tion of *People* agt. *Schoonmaker* (19 *Barb.* 657), is therefore
easily explained.    That was a motion brought on at special
term under an order to show cause, and heard on admitted
facts.    The order for a peremptory writ was granted in
the first instance, and the appeal to the general term was
from that order, which was properly entertained.    This
view is now authoritatively confirmed by legislative enact-
ment, in the amendment of 1863 to § 471 of the Code,
wherein mandamus cases are expressly recognized as
" actions " and as " proceedings."

II. It is admitted, however, that " a suit and proceeding
upon writ of mandamus " (3 *R. S.* 5*th ed.* 909, § 9), is not
included in the class of common law actions, technically so
called.    " The proceeding is in many respects *sui generis.*"
BARCULO, Justice in *People* agt. *Supervisors of Dutchess* (3
*How.* 382).    Judge ALLEN was therefore clearly correct in
saying that " special statutes have been required to entitle
the prevailing party to costs in mandamus, and to charge
those who should pay them." (*Tapping on Mandamus,* 394 ;
*Laws of* 1833, 395, § 6 ; 2 *R. S.* 619, §§ 39, 40 ; 3 *Id.* 5*th
ed.* 909, § 9 ; *People* agt. *Onondaga C. P.* 10 *Wend.* 598.)
The authority to grant costs in mandamus is *only* to be
found in the act of 1833. (*People* agt. *Densmore,* 1 *Barb.*
557 ; *People* agt. *Supervisors of Dutchess,* 3 *How.* 380.)    It
follows that whenever costs are given, the amount or the

items should be such as were directed, intended or contemplated by that act. The fee bill of the Revised Statutes was then in force, and the act of 1833 must have been passed with express reference to that fee bill. According to the rule of construction, whatever is within the spirit and intent is within the statute, even if against the letter. (*White* agt. *Wager*, 32 *Barb.* 253; *People* agt. *Utica Ins. Co.* 15 *Johns.* 358; *Jackson* agt. *Collins*, 3 *Cow.* 89; 14 *Mass.* 92; 1 *Kent's Com.* 462.) Applying this rule to the construction of the act of 1833, and the acts of 1840 and 1844, it is apparent that the true rule of taxation in mandamus cases is to be found in the Revised Statutes. The fee bill of 1840, as amended in 1844, was clearly designed to be limited to *common law* actions. Chancery cases are expressly excepted, and mandamus cases are not expressly included in the act. The act of 1833 is analogous to the act providing that the costs in surrogates' courts shall be taxed under the common pleas fee bill in the Revised Statutes (*Laws of* 1837, *p.* 536). That fee bill was repealed or modified by the act of 1840, and the court of common pleas was abolished by the new constitution and the Code. Still it has been repeatedly held that the common pleas fee bill remains in force for the cases provided for in the act of 1837. (*Western* agt. *Romaine*, 1 *Bradford*, 37; *Wilcox* agt. *Smith*, 26 *Barb*, 316, 330; *Devin* agt. *Patchin*, 25 *How.* 5; 26 *New York*, 441, 448.) The case, *In the matter of St. John* (6 *Hill*, 356), adopts the fee bill in the Revised Statutes. The costs in statutory foreclosures are also taxed under the same fee bill (*Collins* agt. *Standish*, 6 *How.* 494). Costs on *appeals* from surrogates' courts are now taxed under the Code by the amendment of 1862 to section 471. And a similar specific amendment is requisite to change the rule in mandamus cases. The costs were taxed under the fee bill of 1830, in two recent and reported cases of mandamus. (*People* agt. *Ewen*, 8 *Abb.* 359; *People* agt. *Colborne*, 20 *How.* 380.)

III. The county judge had jurisdiction to tax the costs. (2 *R. S.* 2d ed. 210, §§ 32, 34; *Judiciary Act, Laws of* 1847, *ch.* 280, § 29, *ch.* 470, § 27; 3 *R. S.* 5th ed. 306, § 32.)

IV. The defendants have lost their right to a retaxation by *laches.* " The motion must be made without delay. After the lapse of *two* terms at which the party might have applied for a re-taxation, the court will not interfere though there be objectionable items in the bill." (1 *Burrill's Practice*, 2d ed. 267; *McLean* agt. *Forward*, 1 *Cow.* 49; *Morris* agt. *Mullett*, 1 *John. Ch.* 44; *Graham's Practice*, 2d ed. 338.) The old rule has been recognized under the Code (*Dresser* agt. *Wickes*, 2 *Abb.* 460).

V. The court will not re-tax the costs on a new state of facts not disclosed to the taxing officer below. (*Webb* agt. *Crosby*, 11 *Paige*, 193; *Emmons* agt. *Cairns*, 11 *Paige*, 380.) A motion for a re-taxation of costs is in the nature of an appeal, and can only be heard upon the papers and proofs used before the clerk. (*Logan* agt. *Thomas*, 11 *How.* 160; *Beattie* agt. *Qua*, 15 *Barb.* 132; 3 *Code Rep.* 24.)

VI. The general objection to every item in the bill of costs as illegal, &c., without selecting any particular item, or assigning any ground or reason therefor, is not available, and the court cannot for that reason order a re-taxation. (*Cuyler* agt. *Coats*, 10 *How.* 141; *People* agt. *Oakes*, 1 *How.* 195; *Lyon* agt. *Wilkes*, 1 *Cow.* 591.) " The moving affidavit should state that the taxation was opposed; that certain items in the bill (mentioning them) were objected to, and that they were taxed by the taxing officer, notwithstanding the objection." (1 *Burrill's Practice*, 2d ed. 471; *Rogers* agt. *Rogers*, 2 *Paige*, 459.) And as to all items provided for in the fee bill, which it is claimed are improperly charged, the affidavit must state the *grounds* of the objections to such items. (*Wilder* agt. *Wheeler*, 1 *How.* 136; 1 *Burrill's Practice*, 2d ed, 471.) Where costs are taxed *ex parte*, and therefore without objection, the decision

of the taxing officer cannot be reviewed as to any of the items allowed (*Hoffman* agt. *Skinner*, 5 *Paige*, 526).

D. C. BATES, *for respondents.*

I. The costs should be adjusted by the county clerk, under the fee bill provided by the Code of Procedure. Mandamus is a special proceeding as defined by the Code (§§ 1, 2, 3). The *Laws of* 1854 *chap.* 270, § 3, provides that "in special proceedings, and on appeals therefrom, costs may be allowed in the discretion of the court, and when allowed shall be *at the rate allowed for similar services in civil actions.*" In the case of *The People* agt. *Schoonmaker* (19 *Barb.* 657), it was expressly decided that a proceeding by mandamus is a special proceeding under the third section of the Code, and provided for by chapter 270 of the laws of 1854. Justice WRIGHT, who delivered the opinion of the court said, page 658 : " The argument is that a mandamus is in the nature of an action, unaffected by the Code of Procedure or its provisions relative to appeals, and is not a special proceeding within the meaning of the act of 1854. We are of the opinion that the law referred to authorizes the appeal." In the matter of the *Extension of the Bowery* (12 *How.* 99), Justice HARRIS, speaking of section 3 of the Code, said : " These remedies, I suppose, are such as are incident to the powers of a court of general jurisdiction, such as *mandamus*, prohibition, habeas corpus and the like." The act of 1854 is also referred to in *Boyd* agt. *Bigelow*, 14 *How.* 511 ; *and Haviland* agt. *White*, 7 *How.* 154. In the laws of 1859, chapter 174, section 3, the legislature in providing for appeals to the court of appeals in these cases, calls them " proceedings upon mandamus." If the law-makers had regarded them as actions, they would have used the word " actions " upon mandamus, instead of the word " proceedings." The laws of 1862, page 862, section 21, show that the legisla-

ture must have understood proceedings in mandamus to be included in the terms " special proceedings." *Crary's Practice in Special Proceedings*, 305, says : " When costs are granted (in mandamus cases) they are to be at the rate allowed for similar services in civil actions."

II. If the costs are not to be adjusted under the provisions of the Code by the clerk, then they are improperly taxed under the old fee bill of the Revised Statutes, as the fee bill of the act of 1840 abolishes the fee bill of the Revised Statutes, and expressly provides for proceedings upon mandamus (*Laws of* 1840, *chap.* 386, *pp.* 327, 328 *and* 330). The order made at special term should be affirmed, with costs.

By the court, MASON, J.   If any question can be regarded as settled with us in this district, it is that a proceeding upon mandamus, where there has been a return, and the suit has gone to pleadings, and a trial thereon has been had, is not a special proceeding under the Code, but an action. And that the costs in such a suit are to be taxed under the fee bill as contained in the Revised Statutes, has been too often decided with us to be regarded as an open question. The question has been often up in special term, and has been several times before the general term, reaching back through a period of more than a dozen years. The first question we have decided in general term is this very case, and if the latter were to be regarded an open question now, I do not think we could come to any other conclusion. Regarding the question as settled with us, I shall refuse to discuss it. The doctrine of *stare decisis* must command some respect both from the bar and the bench. The order made at special term must be reversed with $10 costs, and the defendants' motion denied with $10 costs.