## COURT OF APPEALS.

The People *ex rel.* John Lumley, and another agt. Morgan Lewis and others, Commissioners of Highways of the Town of Cherry Valley.

Where a return has been made to an *alternative writ of mandamus*, and issues are joined thereon, the case becomes an *action* under the Code, as distinguished from a special proceeding (*affirming decision of the general term, ante,* 159).

An appeal will not lie to the court of appeals from an order of the general term, upon questions of the *adjustment and taxation of costs*.

*September Term,* 1864.

This appeal was brought on behalf of the defendants, from an order of the general term of the supreme court in the sixth district, denying a re-taxation of costs (*reported ante, p.* 159). The relators moved to dismiss the appeal.

E. Countryman, *for motion.*

D. C. Bates, *contra.*

By the court, Davies, J. The reversal by the general term of the order of the special term, was in effect an affirmance of the adjustment and taxation of costs. From this order of the general term the defendants have appealed to this court, and the relators move to dismiss the appeal.

The judgment entered upon the writ of mandamus in this action is reviewable in this court, and upon the appeal from such judgment this court has power to review any. intermediate order involving the merits, and necessarily affecting the judgment (*sub.* 1, *of* § 11 *of the Code*). The intermediate order herein referred to, is any order of the character described, made in the action after the commencement of the same and before final judgment entered. The order appealed from in this action was made after judgment, and does not, therefore, fall within the provisions of this part of the Code, neither is it embraced in subdivision two of the same section. It is not an order which in effect determines the action, and prevents a judgment from which an appeal might be taken to this court. It is not a final order made in a special-proceeding, for this is an action. Neither is it a final order made upon a summary application in an action after judgment. The order appealed from, therefore, does not fall within any classification of orders appealable to this court, as defined by the Code.

But a conclusive objection to the appeal is that this court does not review questions upon the adjustment and taxation of costs. Orders made for re-adjustment or re-taxation, or orders made affirming such adjustment and taxation are not appealable to this court. Such has been the well settled practice of this court. (3 *How.* 426 ; 10 *How.* 353.)

The application should be dismissed with costs. Decision accordingly.