State ex rel. Green Bay & M. R. R. Co. vs. Jennings and another.

STATE ex rel. THE GREEN BAY & MINNESOTA RAILROAD COMPANY vs. JENNINGS, Chairman, etc., and another.

*November 2 — November 21, 1882.*

MANDAMUS: APPEALABLE ORDER: PLEADING: PRACTICE. *(1) Proceeding by mandamus a civil action. (2) Order refusing to strike out portion of return not appealable. (3) Pendency of another action pleadable in abatement. (4) Practice when return indefinite.*

1. A proceeding by *mandamus* is essentially a suit, and when issue is joined by the return, it becomes a *civil action* within the meaning of the statutes, and as to the form and sufficiency of the several pleadings must be governed by the same rules which prevail in other civil actions.

2. An order refusing to strike out a portion of the return to an alternative writ of *mandamus*, as irrelevant, immaterial and not responsive to the requirements of the writ, is not appealable.

3. In the return to an alternative writ of *mandamus*, the pendency of another action between the same parties for the same cause may be pleaded in abatement, and the right to interpose such plea is not waived by demurring to the relation and moving to quash, where the fact so pleaded does not appear upon the face of the relation.

4. Where an allegation in a pleading is indefinite but not frivolous, the remedy is by a motion to make it more definite and certain, and not by disregarding it or striking it out altogether.

APPEALS from the Circuit Court for *Waupaca* County. The case is thus stated by Mr. Justice CASSODAY:

"This case was commenced in 1877. It was here on a former appeal from an order overruling a demurrer to the relation and a motion to quash the alternative writ of *mandamus*. 48 Wis., 549. The defendants having thereafter made return to the writ, the relator moved to strike out certain designated portions of the same. The circuit court granted the motion as to certain portions of the return, and denied it as to certain other portions. The defendants appeal from the portions of the order striking out certain portions of the return, and the relator appeals from that portion of the order

refusing to strike out another certain portion of the return, and both appeals were argued together."

[The fifth subdivision of the return, which was stricken out by the circuit court, alleges that at the annual town meeting of the town of Mukwa, held in 1869, a vote of the electors of said town was had for and against rescinding the vote by which the proposition of the railroad was accepted in 1868; that at said meeting "eighty-eight votes were cast, all of which were in favor of rescinding said vote, and that on the 9th day of April, 1869, a notice in writing was served upon the president and secretary of said railroad company notifying them of the action of said town in respect to the rescinding of said vote; that at the time said vote was had in 1869 the railroad company had not graded or ironed their road from Green Bay to the town line of Mukwa and within one half mile of Wolf river in the village of New London; but on the contrary, as respondents are informed and believe, had graded their road but a short distance from Fort Howard, in Brown county, and that it was then represented by the officers and managers of said railroad company to the people of New London and the electors and officers of the town of Mukwa, that said railroad company did not intend to build their road as contemplated in said $35,000 proposition to the village of New London, in the town of Mukwa, but should build to Shawano unless an additional sum should be voted by the town of Mukwa and other towns west of Wolf river. That upon the representations thus made and believing them to be true, and believing that said railroad company did not intend to carry out the conditions of said proposition, the electors rescinded said vote of October 5, 1868."]

For the relator there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings*. They argued, among other things, that there is nothing in our code of procedure relative to proceedings by *mandamus*, and the practice and

pleadings remain, therefore, as at common law. Wood on Mandamus, 45; High on Extr. Rem., § 448; *People v. Supervisors of Ulster Co.*, 32 Barb., 477. The cases in this state are consistent with this doctrine. See *State ex rel. Holmes v. Baird*, 11 Wis., 260; *State ex rel. Carpenter. v. Beloit*, 20 id., 83. The office of the return is only to answer, ·by denial or confession and avoidance, the allegations of the writ. Anything beyond a full answer to the substantial averments will be stricken out on motion. Wood on Mandamus, 45; 5 Wait's Pr., 583; 2 Tiff. & S., N. Y. Pr., 198, 199; *People v. Ranson*, 2 Coms., 495; *People v. Commissioners*, 11 How. Pr., 89; *People v. Van Leuven*, 8 id., 358; *People v. Board of Police*, 9 Abb. Pr., 257; *O. & V. R. R. Co. v. Plumas Co.*, 37 Cal., 354; *Calaveras County v. Brockway*, 30 id., 325; *Silver v. People*, 45 Ill., 226. The plea in abatement was properly stricken out. (1) It was not pleadable by way of return. The pendency of another action involving the same issue is no excuse for not obeying a writ of *mandamus*. *Calaveras County v. Brockway*, 30 Cal., 325. (2) It had been waived by the general demurrer or motion to quash. *Knowlton v. Culver*, 2 Pin., 86. (3) It was waived by pleading in bar. *Hooker v. Greene*, 50 Wis., 276; High on Extr. Rem., § 452; *Silver v. People*, 45 Ill., 227. The question of waiver could only be raised by motion to strike out. High on Extr. Rem., § 494; *People v. Board of Police*, 26 N. Y., 316. (4) The plea was insufficient in that it did not state the nature and character of the pending action, so that the court could determine whether the other proceedings are legal and sufficient. High on Extr. Rem., § 472; 1 Chitty Pl., 457; *Newman v. State*, 14 Wis., 399; *Hooker v. Greene*, 50 id., 276; *Getchell v. Boyd*, 44 Me., 483. This is not an action at common law or under the code. The statute (R. S., sec. 3463) provides for substituting actions for writs of *scire facias* and *quo warranto;* but no such substitution for proceedings by writs of *mandamus* or prohibition is provided

for in sec. 3450, R. S.   Actions are commenced by summons; but this proceeding is not.   R. S., sec. 2629.   When, therefore, the defendants say there is another action pending between the same parties as this action and for the same cause, they say nothing intelligible.   To be sufficient the plea must show affirmatively that the action pending is of such a nature that it will be as effectual and complete a remedy as that afforded by the writ.   If the court in which the action is pending has no jurisdiction its pendency is no defense.   *Root v. Eslava*, 17 Ala., 430.   If the complaint in the action is so defective that no judgment can properly be rendered thereon, it is no defense.   *Reynolds v. Harris*, 9 Cal., 338.   So, if, for any reason, the remedy by action would be inefficient or less effectual, it is no defense.   High on Extr. Rem., § 22;   *Quinebaug Bank v. Tarbox*, 20 Conn., 510–515;   Gould's Pl., ch. V, § 126;   *Durand v. Carrington*, 1 Root, 355;   *Ward v. Curtiss*, 18 Conn., 290;   6 Wait's Act. & Def., 398.   If it is an action in equity to compel a specific performance to which a demurrer has been interposed, it is ineffectual and will be dismissed, for the existence of an adequate remedy at law — in this case by *mandamus* — deprives the court of jurisdiction of a suit in equity for the same purpose.   *Shepard v. Genung*, 5 Wis., 397;   *Danaher v. Prentiss*, 22 id., 311;   *Gunderson v. Cook*, 33 id., 551–554;   *Prescott v. Everets*, 4 id., 314–319.   The almost unbroken chain of authorities on the point are to the effect that the pendency of an action in equity is not a good plea in abatement to an action or proceeding at law.   *Blanchard v. Stone*, 16 Vt., 234;   *Graham v. Meyer*, 4 Blatchf., 129;   *Peak v. Bull*, 8 B. Mon., 428;   *Hatch v. Spofford*, 22 Conn., 493;   *Colt v. Partridge*, 7 Met., 570;   *Kittredge v. Race*, 92 U. S., 116;   6 Wait's Act. & Def., 397;   *Paul v. Hurlbert*, 5 Reporter, 738;   *Haskins v. Lombard*, 16 Me., 140;   *Ralph v. Brown*, 3 W. & S., 395.   A plea in abatement is not amendable, and, if not sufficient, it is proper to strike it out.   *Newman v. State*, 14 Wis., 398;

State ex rel. Green Bay & M. R. R. Co. vs. Jennings and another.

*Esdaile v. Lund*, 12 Meeson & W., 607; *Getchell v. Boyd*, 44 Me., 482; *Trinder v. Durant*, 5 Wend., 72. Courts should not and will not, in purely common law special proceedings, change the common law practice relative to pleas in abatement in analogy to any changes made by the code in practice and pleadings in actions.

For the defendants there were briefs by *Myron Reed* and *E. L. Browne*, and oral argument by *Mr. Reed* and *Mr. J. C. Gregory.*

CASSODAY, J. Are the rules and practice as to pleadings in ordinary actions applicable in cases of *mandamus?* The provisions of the present statute entitled "proceedings in civil actions in courts of record," relate not only to "actions," but also to "*proceedings* in the circuit courts." Sec. 2593. Sec. 2600, R. S., provides that "the distinction between actions at law and suits in equity, and the forms of all *such* actions and suits, have been abolished, and there is in this state but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which is denominated a civil action." Sec. 8, ch. 122, R. S. 1858. That title also includes ch. 121, R. S., which prescribes "the forms of pleadings in civil actions in courts of record, and the rules by which the *sufficiency* of the pleadings are determined" (sec. 2644, R. S.), and gives the requisites of the only pleadings provided for, to wit, a complaint, answer, reply, and demurrer. The statutes also provide, in effect, that whenever any writ of *mandamus* shall be issued, the person, body or tribunal to whom the same shall be directed and delivered shall make return, and for neglect so to do shall be proceeded against as for a contempt. Sec. 3450, R. S. And whenever a return shall be made to any such writ, the person prosecuting the same may demur or answer all or any of the material facts contained in the same return; and the like proceedings shall be had thereon, for

the determination thereof, as might have been had if the person prosecuting such writ had brought *his action* for a false return. Sec. 3451, R. S.

But, notwithstanding the provisions of the statutes referred to, it is contended by the learned counsel for the relator that proceedings by *mandamus* are not affected by the code, but are regulated by the rules of pleading and practice prevailing at common law, and he cites in support of his position *People ex rel. Lefever v. Ulster Co.*, 32 Barb., 477. In that case the defendants demurred to the reply or plea of the relator to a portion of the return, and the court directed judgment for the defendants on the demurrer, with leave to the plaintiffs to amend their plea on payment of costs. That decision, however, was reversed in the court of appeals (34 N. Y., 268), on the ground that the particular paragraph of the answer to which the plea or reply was made, was immaterial, impertinent, and frivolous. Page 269. In *People v. Baker*, 35 Barb., 105, it was held that "the return must be good, tested by the ordinary rules of pleading, both in form and substance, and stands as the second pleading in the case." Some of the New York cases have regarded proceedings by *mandamus* as an action for the purpose of taxing costs. *People v. Colborne*, 20 How. Pr., 378; *People v. Lewis*, 28 How. Pr., 172; *S. C.*, id., 470. In the last case cited it was said at general term by MASON, J., giving the opinion of the court, that "if any question can be regarded as settled with us in this district, it is that a proceeding upon *mandamus*, where there has been a return, and the suit has gone to pleadings, and a trial thereon has been had, is not a special proceeding under the code, *but an action*." 28 How. Pr., 172. And, on appeal from the order, the court of appeals, per DAVIS, J., said: "It is not an order which in effect determines the action and prevents a judgment from which an appeal might be taken to this court. It is not a final order made in a special proceeding, for this is an action." 28 How. Pr., 471.

The other authorities cited from New York by counsel for the relator are to the effect that immaterial matter stated in the return may be stricken out on motion, or "rejected as surplusage."

But the New York cases are not altogether applicable, for the proceedings there are governed by the statutes and code of that state. Sec. 471 of their code, among other things, provides, in effect, that the second part of that act, being the part entitled "of civil actions," "shall not affect proceedings upon *mandamus*." The code, as originally adopted in this state, provided that, "until the legislature shall otherwise provide, this act shall not affect proceedings upon *mandamus*," etc. Sec. 365, ch. 120, Laws of 1856. That provision was excluded by the revision of 1858, which, among other things, provided that "*all the forms of pleading heretofore existing are abolished*, and hereafter the forms of pleading in civil actions in courts of record, and the rules by which the *sufficiency* of the pleadings are determined, are those prescribed by this chapter" (sec. 1, ch. 125, R. S. 1858), which consisted of a complaint, answer, reply, and demurrer, as now. The legislature having thus excluded the saving clause as to *mandamus*, and abolished all existing "forms of pleading," and all "distinctions between actions at law and suits in equity, and the forms of all *such* actions and suits," can it still be maintained that the rules of pleading and practice in *mandamus* cases are not to be governed by the statute as to the sufficiency of such pleadings, but by the rules which existed at common law?

It is true that at common law the words "civil action" would not include writs of *mandamus*. *Commonwealth v. Commissioners of Lancaster*, 6 Bin., 9. Mr. Bouvier says: "The vital idea of an action is a proceeding on the part of one person, as *actor*, against another, for the infringement of some right of the first, before a court of justice, in the manner prescribed by the court or the law." On the other hand,

a *mandamus*, at the common law of England, was denomi-
nated a prerogative writ, and was originally issued out of the
court of Chancery, but subsequently out of the court of
King's Bench, because the king originally sat in those courts
in person, and aided in the administration of justice.   Hence,
in theory· at least, it was not so much the individual seeking
redress as the king who was the actor.   In this country it
cannot be a prerogative writ; but, nevertheless, partakes of
the nature of such a writ, and under the constitution and
laws is issued by the courts.   *Attorney General v. Railroad
Companies*, 35 Wis., 512 *et seq*.   Beyond question it is, how-
ever, in a proper case, in substance a civil remedy for the
citizen who has been deprived of a clear legal right, not-
withstanding it is commenced and prosecuted in the name of
the state.   The state is only a nominal party.   *Brower v.
O'Brien*, 2 Carter, 431; *State v. Commissioners*, 5 Ohio St., 502.

The word " suit " is frequently used in practice as synony-
mous with the words " civil action," but, nevertheless, it
seems to be more comprehensive, and includes proceedings in
chancery as well as law.   *Didier v. Davison*, 10 Paige, 516.
The word " suit " was held to include a writ of prohibition
in *Weston v. City of Charleston*, 2 Pet., 449.   Chief Justice
MARSHALL, speaking for the court, there said: " The term is
certainly a very comprehensive one, and is understood to
apply to any proceeding·in a court of justice by which an indi-
vidual pursues that remedy in a court of justice which the
law affords him."   Page 464.   One definition of the word
" suit," as given by Bouvier, is: " A petition to a king or a
great person, or a court."   Other dictionaries give similar
definitions.   In Vermont it has been held to include a peti-
tion by a creditor of a decedent estate to liquidate and re-
cover his demand.   *Calderwood v. Calderwood*, 38 Vt., 176.
So proceedings to condemn lands for public use have been
held to be a suit within the meaning of the judiciary act.
*U. S. v. Block 121*, 3 Biss., 208; *Warren v. Wisconsin Valley*

*R. R. Co.*, 6 Biss., 425. In Georgia it has been held to include a petition for a writ of *certiorari*. *Hendrix v. Kellogg*, 32 Ga., 435. So it has been held to include proceedings by *mandamus*. *McBane v. People*, 50 Ill., 506–7; *Felts v. Mayor*, 2 Head, 650.

Our statutes on the subject of pleading speak not only of "actions at law and suits in equity," but also of "the forms of all *such* actions and suits." Believing that our statutes respecting pleading and practice should have a liberal construction, we are constrained to hold that a proceeding by *mandamus* is essentially a suit, and that when issue is joined by the return it becomes, in effect, a civil action within the meaning of the statutes, and as to forms and sufficiency of the several pleadings must be governed and controlled by the same rules which prevail in other civil actions. Of course the relation is to be regarded the same as a complaint, and the return as the answer to which a demurrer or reply may be interposed. This is in harmony with the repeated adjudications of this court. Applying the ordinary rules of practice and pleading in civil actions to the case before us, and we must hold that that portion of the order refusing to strike out a portion of the return is not appealable, for the reasons given in *Supervisors v. Decker*, 28 Wis., 669; *Noonan v. Orton*, 30 Wis., 609.

One portion of the order appealed from by the defendants strikes out the following portion of the return: "1. That at the commencement of this action there was and now is another action pending in the circuit court of Waupaca county, in this state, between the same parties as this action, and for the same cause as that set out in the petition herein." This portion of the answer, alleging another action pending, is substantially in the form given in 2 Abb. Forms, 26, No. 747. Assuming that it may be interposed as a pleading, then if its language is not sufficiently definite the remedy is by motion to make it more definite and certain, and not by disregarding it or striking it out altogether. *Redmon v.*

*Phœnix Ins. Co.*, 51 Wis., 298. Assuming that it may be interposed as a plea in abatement, then it is not objectionable as being united with a plea in bar, for it is settled that a plea in abatement may be united with a plea in bar. *Freeman v. Carpenter*, 17 Wis., 126; *Dutcher v. Dutcher*, 39 Wis., 652; *Board of Supervisors v. Van Stralen*, 45 Wis., 676; *Hooker v. Greene*, 50 Wis., 271. The plea in abatement here was probably stricken out on the theory advanced by counsel for the relator that this is not a civil action, and hence that the plea could not properly be interposed. But having held that it is a suit, and essentially a civil action, so far as the rules and practice as to pleading are concerned, it is unnecessary to consider that question further. Nor do we think the right to interpose such plea was waived by demurring to the relation and moving to quash. It is not claimed that it appeared upon the face of the relation that there was another action pending; and, since that is so, the statute expressly provides that "the objection may be taken by answer." Sec. 2653, R. S.; sec. 8, ch. 125, R. S. 1858. For these reasons we must hold that the plea in abatement was improperly stricken out.

By the fifth subdivision of the return, the defendants have at least attempted to allege facts showing a rescission of the vote upon which the liability was predicated. Some of the allegations may justly be regarded as vague and indefinite, but they are quite as definite and certain as in *Redmon v. Phœnix Ins. Co., supra.* If the relator regarded them as too indefinite and uncertain, it had its remedy by motion. But, under the liberal rule of construing pleadings adopted by this court, we are clearly of the opinion that it cannot properly be regarded as frivolous, so as to authorize the court to strike out the same under sec. 2681, R. S.

*By the Court.*— For the reasons given, the appeal taken by the relator is dismissed, and those portions of the order striking out portions of the return are reversed, and the cause is remanded for further proceedings according to law.