JAMES CALDERWOOD *v.* THE ESTATE OF ALEXANDER CALDERWOOD.

*Statute. Witness. Evidence. Construction. Commissioners. Appeal.*

The words "suit, or proceeding at law," in § 24, ch. 36, G. S., the word "actions" in the proviso to said section, and the word "suit" in § 1, No. 31, Acts of 1864, were used in these sections in reference to the same subject matter and substantially as synonymous terms.

The proceedings by commissioners upon a claim presented against an estate is held to be a suit within the meaning of the act of 1864; therefore if pending the first day of August, 1863, the day the General Statutes went into operation, the plaintiff was a competent witness.

An appeal from the judgment of commissioners whether taken within twenty days, or on application to the supreme or county court after twenty days have expired, is but a continuance of the same proceeding, a transfer from one tribunal to another.

Calderwood *v.* Est. of Calderwood.

APPEAL from the decision of commissioners on the estate of Alexander Calderwood, obtained by petition of the plaintiff. The case was tried by jury, December Term, 1864, POLAND, Ch. J., presiding.

·The said Alexander died in January, 1863. The first meeting of the commissioners on his estate was in June, 1863, when the plaintiff presented his claim against the estate. The commissioners made their report to the probate court November 19th, 1863. The plaintiff's petition for leave to enter an appeal was dated on the 12th and served on the 22d of February 1864.

The plaintiff was offered as a witness in his own behalf, but the defendant objected that he was not a competent witness, but he was admitted and testified,—to which the defendant excepted. Verdict for the plaintiff.

*J. M. Prentiss*, for the defendant.

This suit was not "brought or pending on the first day of August, 1863." 1. The words *suit* and *action* are technical, and known to the common law, and therefore when used in statutes their technical and common law import, and that only, is to be ascribed to them. Swift's Dig. 11; 6 Mod. 143; *Whitcomb* v. *Rood*, 20 Vt. 49. By either is meant *a duly instituted proceeding in a court of law*, in which are parties, a plaintiff, complainant or petitioner, and a defendant or petitionee. 1 Swift's Dig. 474; 3 Black. Com. 21 to 25. 2. Probate commissioners of claims are not a court. They are merely boards, or agencies, appointed to make specific investigations and report their findings to the authority by which they are appointed,— their decisions are not judgments and are of no force till adopted by the probate court. An appeal is taken from their "decision and report," as the language of the statute is, but really from the decree of the probate court touching such report. *Hodges* v. *Thacher et al.*, 23 Vt. 455; *Robinson* v. *Ex'rs of Robinson*, 32 Vt. 738; *Adarene* v. *Marlow*, 33 Vt. 558. No application is made to them for, and they have no power to grant, or deny, an appeal, to award costs, compel an attendance of witnesses, punish for contempt, issue any process, or have any process returnable to them.

But it is said the law allows an appeal from a probate court on report of commissioners. So the statute relating to the grand list

allows an appeal from the listers to themselves, and from the listers to the selectmen, and the law relating to railways allows an appeal from a commissioner's appraisal of land damages to the county court. But from the term appeal will it therefore be implied that these boards are courts, or that suits are ever brought or pending before them? An appeal is not necessarily the continuation of a *suit,* but the removal of a *matter* from an inferior to a superior tribunal. *Leach* v. *Blakely,* 34 Vt. 134. It is a "*complaint* to a superior court where justice is supposed not to have been done by an inferior tribunal." Hol. Law. Dic.

3. As to manner of commencing actions, see Blackstone, vol. 3, 272, 279 ; Steph. Plead. 6–8, 476 ; 1 Chit. Plead. 94 ; Swift's Dig. 474 ; 3 Johns. Cas. 145 ; 3 Chit. Prac., 159, 204–5 ; *Downer* v. *Garland,* 21 Vt. 362.

4. When an appeal is *regularly* taken from a probate court a *declaration must be filed, security for costs must be given,* notice in nature of a *summons to the adverse party must be served,* (G. S., ch. 53, §§ 19, 21,) and then for the first time the proceeding takes on the habiliments of a suit or action. From that time *taxable costs begin to accrue,* and *pleadings* are indispensable.

5. But this is not a case where an appeal was regularly taken from probate court. It came into county court *by petition, dated February 12th,* 1864, and not till then was this action commenced.

*Sartle* and *Redfield,* for the plaintiff, insisted that the plaintiff was a competent witness in his own behalf. The intestate died in 1863. The commissioners on his estate first met in June, 1863, and made report of their doings in November, 1863. The act of 1864, p. 48, removes the disability imposed by § 24, ch. 36, G. S. This court has repeatedly held that a proceeding before commissioners and appealed therefrom to the county court, is a "suit pending" continuously. *Kimball* v. *Baxter's Estate,* 27 Vt. 628.

The opinion of the court was delivered by

PIERPOINT, J. The only question raised by the defendant on the hearing in this court, is as to the admissibility of the plaintiff as a witness.

By the 24th section of the 36th chapter of the General Statutes it is provided that "no person shall be disqualified as a witness in any

civil suit or proceeding at law, or in equity, by reason of his interest in the event of the same as party or otherwise." Provided that in all actions, except actions on book account, where one of the original parties to the contract or cause of action in issue on trial, is dead or insane, the other party shall not be admitted to testify in his own favor; and when an executor or administrator is a party the other party shall not be admitted to testify in his own favor.

By an act of the legislature passed in 1864, it is declared that "the proviso to the 24th section of chapter 36 of the General Statutes shall not in any manner affect any suit brought or pending on the first day of August, 1863," that being the day when the General Statutes came into operation, or took effect.

From the exceptions it appears that the claim which the plaintiff is seeking to enforce in this proceeding, was presented to the commissioners on the estate of the deceased in June, 1863; that the commissioners made their report upon this claim, and others, to the probate court in November, 1863, so that the proceedings on this claim were in fact pending before the commissioners on the first day of August, 1863, so as to come within the provisions of the act of 1864, if it can be regarded as a suit brought, or pending, within the spirit and meaning of that act.

It is claimed on the part of the defendant that by the provisions of the said 24th section, the legislature, in giving the right to interested persons to testify, intentionally used the words "*suit, or proceeding at law,*" as being more comprehensive in their meaning than the word "*action*" as used in the proviso to that section, or the word "*suit,*" as used in the act of 1864, so that while they gave the right of the parties to testify in all kinds of legal proceedings, they intended in the proviso, by the use of the word "*action,*" to limit the restriction, in case one party was dead, to testimony to be given in *actions* pending in court, according to the strict technical common law definition of that term, and that the word "*suit*" in the act of 1864, was used in the same strict and limited sense.

We are unable to take this view of the statute. It was evidently the intention of the legislature to give persons interested the right to testify in all proceedings at law; except that in all cases where the

party would otherwise have the right to testify, if the other party to the contract or cause of action was dead, he should not be permitted to testify in his own favor, and that the word "action" in the proviso was used in the same sense in which the words "suit or proceeding at law" was used in the enacting clause ; and that the word "*suit*" was used in the act of 1864 in the same sense, and that the words "suit," "action," and "proceeding at law," were used in these acts in reference to the same subject matter, and substantially as synonymous terms.

No good reason we apprehend can be assigned for making any distinction. The same reasons that would admit, or reject, the testimony in one case, or before one tribunal, no matter in what form the case was brought there, should have the same effect before another.

The question recurs, were the proceedings before the commissioners on the first day of August, 1863, a suit pending within the meaning of the act of 1864?

The commissioners upon the estate of a deceased person are appointed by the probate court, according to the positive provisions of the law ; their powers and duties are clearly defined by the statute ; they have jurisdiction of all claims presented against the estate, and of all claims presented in offset thereto ; they are required to fix the times, and places of hearing, and to give notice thereof; when a claim is presented they proceed to investigate it by hearing the testimony and proofs, and upon the testimony and proofs, to decide all questions that arise upon it, whether of law or fact, and when their decision is embodied in their report, and that returned to and accepted by the probate court, it becomes a judgment of the commissioners, upon all the matters adjudicated, that is final and conclusive between the parties, that is between the claimant on the one side, and the estate on the other, unless that judgement is appealed from. If the amount allowed or disallowed does not amount to $20., there is no appeal and the judgment is final.

But it is said this proceeding is not a suit, within any legitimate meaning of the term ; that it can become a suit only upon an appeal being taken ; that the appeal is the commencement of the suit, in cases of this kind.

It is somewhat difficult to see how the taking of a case of this kind to the county court by appeal, can make it a suit, if it was not one before.   The county court has no original jurisdiction over the matter ; it is only appellate ; the  county court takes that which the commissioners had.   The parties are the same, the subject matter is the same, the jurisdiction is the same, and the result of the proceeding is the same ; that is, a judgment between the parties.   The mode of proceeding on the trial may be different, things may be called by a different name, but in substance and effect they are the same.   After a judgment is rendered by the county court, or by this court, they cannot enforce, or execute that judgment ; all that can be done is for the county court, or this court, to certify the judgment back to the probate court as the commissioners did, and when there it has no more force, or effect, than the judgment of the commissioners had, except that it cannot be appealed from.

It is further urged that in consequence of the appeal not having been taken within the twenty days as provided by the statute, the proceedings by the commissioners were thus terminated, and the proceedings resorted to for the purpose of obtaining an appeal were in fact the initiation of new proceedings.

The statute provides that the party who is not satisfied with the decision of the commissioners, if the amount is sufficient under the statute, may take an appeal therefrom on application to the probate court, within twenty days.  If by fraud, accident or mistake, he is prevented from taking his appeal within the twenty days, the supreme or county court, on application, within a limited time,  may allow him to enter an appeal, on such terms as they may prescribe.   An appeal is allowed in either of these modes, and it is entirely immaterial which mode is resorted to, so far as it regards the effect upon the proceeding.   When the judgement of the commissioners is reported to the probate court, it is subject to be vacated in either of the two ways, and a resort to either simply transfers the case from one tribunal to the other, and in either case it is but a continuance of the same proceeding, which proceeding we think may well be called a *suit*, when pending, either before the commissioners, or in the county court.

This view of the case is in harmony with the principles estab-

lished in *Kimball* v. *Baxter's Est.*, and *Pierce* v. *Paine's Est.*, referred to in the argument, so far as the facts in this case are in analogy with those.

Judgment of the county court affirmed, and the result certified to the probate court.