JOHN FERGUSON AND OTHERS *v.* TOWN OF SHEFFIELD AND OTHERS.

*Estoppel.    Former   Adjudication.    Petition  for  Discontinuing Highway.*

Petitions for laying out and discontinuing highways are not proceedings wherein a former adjudication may be asserted as working an estoppel, as in an ordinary action at law, such petitions, from the nature of the matters to which they relate, being addressed largely to the discretion of the court. Thus, where a petition for the discontinuance of a highway that had been established but not wrought for travel, alleged the finding of a better route, and the commissioners reported that the newly found route was better, but that a former petition for discontinuance of the established highway and for establishment of one on the newly found route had been dismissed, and that the reasons for establishing the highway where it was established still existed, it was *held*, that there was no legal reason for dismissing the petition.

THIS was a petition to the Caledonia County Court, June Term, 1878, to discontinue a highway. The petition alleged that

since the highway was established a route for a road to connect the same points and accommodate the same travel, " more feasible, easier, shorter, and less expensive " than that of the road so established, had been discovered ; and that the route so discovered had a better grade than the old one, could be built and maintained at less expense, and would better meet the interests of all parties to be benefited by the road. Commissioners were appointed, who reported the following facts :

The highway in question was established by said court at its December Term, 1874, but it was never wrought nor opened for travel. A petition for its discontinuance was filed at the June Term, 1875, and dismissed on motion at the same term. At the December Term, another petition was filed asking for the appointment of commissioners to examine and report as to the discontinuance of said highway and the laying out of another in substitution therefor. Commissioners were appointed, and exceptions were filed and ordered to lie. The commissioners made an examination, and reported at the December Term, 1876, recommending the discontinuance of the highway in question and the laying out of one in substitution therefor. The court at that term rendered judgment on the report, discontinuing the one and establishing the other highway. To that judgment exceptions were taken, and the cause was passed to the Supreme Court, where the judgment was reversed and the petition dismissed. The highway in question leads from a point on the line between the towns of Sheffield and Sutton, and on the highway leading northward from Sheffield Hollow past Union School House to Sutton Corner, eastward a distance of two hundred and twenty-four rods, to one Ham's, on another highway, which diverges from the highway from Sheffield Hollow to Sutton Corner at a point a little more than a mile south of the beginning of the highway in question, and runs northward past Whipple's Mills, to one Campbell's, where it rejoins the road leading past the school-house. The road from Sheffield Hollow to the school-house, a distance of nearly four miles, is quite hilly, ascending a hard hill or series of hills the first half of the way, and descending sharply nearly all of the latter half. Beyond the school-house toward Sutton Corner, 'the road ascends

a very steep hill past one Gordon's, and trends to the eastward to the junction with the other road at Campbell's. The road past Whipple's Mills has a much easier grade northward from the point of its junction with the highway in question than the one past Gordon's. Residents in the vicinity of the school-house can reach Sutton Corner much easier than they can Sheffield Hollow, and they do most of their business at the former place. Residents in the neighborhood of Whipple's Mills and beyond, have occasion to go to the school-house, where religious service is occasionally had, and to a burial ground at that place, to bury their dead; and, in the summer time, they can go there only by the highway in one of the two ways already described; but, in the winter, they can go by a road which is kept open over the line of the highway in question. There are four families on the road from Sheffield Hollow to the school-house and nine on a road that comes in at the school-house from the west, who have to pass by the school-house and Gordon's in going to Sutton Corner. It is some of those people, with perhaps one or two others, who signed the petition on which the highway in question was established. The commissioners were of opinion that the public good and the convenience of interested individuals required a highway from some point near the school-house across to the road past Whipple's Mills, and that much the greater number of those interested would be best accommodated by one following the line between the two towns and coming out at Ham's. They were also of opinion that the road in question would be more difficult to build; relatively more expensive, because a considerable portion of it lay in the woods and through very wet land, which was about as high as the road on either hand, and so difficult to drain; and more difficult to keep in repair. They therefore recommended the discontinuance of the highway in question. At the request of the petitionees, the commissioners found that there was no evidence that any reason for establishing the highway that existed at the time it was established did not continue to exist, and that in that respect no change had occurred.

The cause was heard on the report at the June Term, 1879, and the court, Ross, J., presiding, on the facts reported adjudged, as

matter of law, that the petitioners were not entitled to maintain the petition and have the report accepted, and dismissed the petition with cost; to which the petitioners excepted.

*H. C. Bates*, for the petitioners, cited section 73, c. 24, Gen. Sts., and contended that the matter could not be considered as adjudicated, unless, no matter what the error of commissioners in any case in finding the necessity for or convenience of a highway, parties interested would be precluded from filing their petition, if circumstances had not changed.

*Belden & Ide*, for the petitionees.

The judgment was correct. No formal pleading was required. The statute provides that " the court may, for sufficient reasons, reject the report." The reasons were sufficient. The question made in prior proceedings was, whether the public good or convenience, or the necessity of individuals, required a highway. The same question is presented here. In the former case the proceedings resulted in a judgment. That judgment conclusively established the claims made by the petitioners in that case, so far as any matter pertinent to the issue was. or might have been controverted. The necessary legal inference is, that neither the public good or convenience, nor the necessity of individuals, required the laying out and establishing of the highway. The further inference is, that at the time of rendition of that judgment there was nothing that could have been produced as a reason why the judgment should not pass. *Town* v. *Lamphere*, 34 Vt. 365; *Squires* v. *Whipple*, 2 Vt. 111; *White* v. *Simonds*, 33 Vt. 178; *Stearns* v. *Admr. of Stearns*, 32 Vt. 678.

The petition is in the nature of an application for a new trial, and the prayer should not be granted unless the case shows either that the former judgment was the result of a mistrial, or that some such change of circumstances bearing on the question of the necessity, has taken place since the judgment as would do away with such necessity. It shows nothing of the kind.

The law respecting estoppel by adjudication applies as much to cases of this character as to those of any other class. *Shattuck*

v. *Waterville,* 27 Vt. 600 ; *Woodstock* v. *Gallup,* 28 Vt. 587. And see REDFIELD, J., in *Knapp* v. *Fisher,* 49 Vt. 97, and in *Gilson* v. *Bingham,* 43 Vt. 416. And see *Webb* v. *Rocky Hill,* 21 Conn. 468 ; *Perkins* v. *Andover,* 31 Conn. 601.

The opinion of the court was delivered by

VEAZEY, J. This is a petition to discontinue a highway that has been laid out and established, but not built. The petition alleges that since the road was established in the former proceedings, a more feasible, easier, shorter, and less expensive route has been discovered for a road to connect the same points and accommodate the same travel, than the one so established, and alleges in what respect this general averment is true. A committee was duly appointed, and have made a report showing with marked clearness that these allegations of the petition are true. On the facts reported, the County Court adjudged, as matter of law, that the petitioners were not entitled to maintain their petition and have the report accepted, and for that reason dismissed the petition ; to which the petitioners excepted. The argument in behalf of the defendants is, that the matters involved in the present proceedings are *res adjudicata,* and the petitioners are estopped from bringing them again into court. The argument is based on the assumption that this proceeding must stand or fall under the same rules that pertain to a common-law action. Herein the argument is at fault. In so far as the courts have any duty or power devolved upon them in respect to laying out and discontinuing highways, it is derived from the statutes. This duty and power is of such character that it should be performed and exercised in a practical manner, not by technical rules. These highway petitions are, in view of the nature and purpose of the inquiry, addressed largely to the discretionary power of the court. They are based on an alleged public as well as individual necessity and convenience. They involve the imposition or relief of a public burden. Where the subject-matter of the petition is the same as that involved in a previous inquiry and determination, and it is reasonably apparent that it is brought simply to get another trial, without any new light, we should expect that the County Court

11

in the exercise of its discretion would dismiss the petition, and not appoint commissioners; and we think that the court would generally have but little difficulty in getting at the good faith and propriety of the petition. If such good faith and propriety are denied by any of the parties in interest, they should raise the question before commissioners are appointed.

What legal error has there been in these proceedings that would warrant a dismissal of the petition? The petitioners came into court under the authority of the statute. Their petition presented a case of great merit on its face. The County Court upon such investigation as it saw fit to make, having the power, appointed the commission. Since then the usual proceedings have taken place, resulting in a demonstration of the merits of the petitioners' case. In all this we fail to discover any illegality. It is insisted as a ground of dismissal that this investigation has developed no new fact, no change in the situation, since the former investigation; that this same shorter, easier, cheaper, and better route was there then, the same as now. In a matter of this kind, a sufficient answer to this claim, if any is needed, is found in the fact that the new route has been discovered since the former inquiry. We do not think this is a kind of proceeding for invoking, in its common-law strictness, the doctrine of estoppel and laches and *res adjudicata.* This is not necessary either for the protection of the court against imposition or for the advantage of ending litigation. We understand that the views here expressed conform to the practice of the courts in the past, and are *not* informed that any of the apprehended troubles suggested by counsel have been encountered. Notice the hardship, not to say absurdity, to which a dismissal of this petition would lead. Since the road was laid out but before a dollar is expended on it, another route, shorter, having better grades, cheaper to build, less expensive to keep in repair, accommodating those having occasion to use it much better than the other route would, has been found. By reason of a technical rule of the common law brought into this statutory proceeding, in the administration of a public matter, we are asked to say to the tax-payers of Sheffield, You cannot be relieved of this mistake that has been made in locating

your road, but must forever endure the inconvenience of a longer and harder road, and must not only pay the increased cost of building, but must forever bear the additional expense of repairs required for the old route over what would be required for the new one. Such a decision would involve the idea of permanency in our highways not heretofore entertained. We do not think the law of Vermont compels us to announce any such rule, and we do not feel bound to borrow it from our neighbors, if they have such an one.

*Judgment reversed, and cause remanded.*