GEORGE W. CRAWFORD AND OTHERS *v.* TOWN OF RUTLAND.

*Laying out of Highway. Proceedings in County Court. Gen. Sts. c. 24, ss. 19, 20, 44, 45.*

On petition to County Court under s. 44, c. 24, Gen. Sts. for the laying out of a highway, question as to the pendency of a prior petition to the selectmen, and the consequent unlawfulness of an assumption of jurisdiction by such court, may be raised by plea *in limine*, and need not await the appointment of commissioners and determination by them.

THIS was a petition to the County Court under s. 44, c. 24, Gen. Sts. for the laying out of a highway in the town of Rutland. The petition alleged the making of a prior petition to the selectmen, and neglect and refusal on their part to grant the prayer thereof. The petitionee pleaded that the prior petition was still being considered in good faith, and that the selectmen had not neglected and refused as alleged. The petitioners moved to " strike the plea from the docket ", and the court, RICE, Assistant J., presiding, at the September Term, 1879, sustained the motion, and made the order moved for ; to which the petitionee excepted.

*D. E. Nicholson*, for the petitionee.

*Redington & Butler*, for the petitioners.

The opinion of the court was delivered by

POWERS J. Section 19, c. 24, Gen. Sts., provides that any three or more freeholders desiring to have a highway in the town of their residence laid out, altered, or discontinued, may prefer their petition to the selectmen, and thereupon the selectmen shall give notice to parties interested, and proceed to a hearing upon the merits of the petition. Section 20 directs the selectmen, after hearing and deciding upon the petition, to return the same with their doings in writing, stating the manner of notice and their decision, to the town clerk's office, there to be kept on file. Section 44 provides that when application has been made to the selectmen as before provided (in section 19), and the selectmen shall refuse or neglect to lay out, alter, or discontinue such high- way, and *in no other case*, any three petitioners may apply to the County Court for the same purpose. Section 45 reads: " The County Court on such application, if no sufficient cause be shown to the contrary ", shall appoint commissioners, &c., to inquire into the merits of the petition, and if thought best grant the peti- tion. It is thus seen that the County Court is given jurisdiction in this class of proceedings *only* when the selectmen upon appli- cation have refused or neglected to grant a petition in the same matter. Proof, therefore, of the former petition to the selectmen and of their neglect and refusal to grant the prayer thereof, must, at some stage of the proceedings, be made, if the fact be ques- tioned. The return of their doings to the town clerk's office by the selectmen, as required by section 20, would ordinarily demon- strate the right of the County Court to entertain an application. In this case the defendant filed a plea or answer, setting forth that the original petition addressed to the selectmen was in good faith under consideration at the time proceedings were instituted in the County Court, and that the selectmen had neither refused nor neglected to lay the highway. The petition addressed to the County Court alleges the making of the petition to the selectmen, and avers their refusal and neglect to grant it. The plea, there- fore, presented the direct question of jurisdiction in the County Court to act at all in the premises, and, if true, was, in the lan- guage of section 45, a showing of sufficient cause why commis-

sioners should not be appointed.　It is argued that this objection cannot be taken by formal plea *in limine,* but is a question to be determined by the commissioners and reported upon by them. We agree that a formal plea is unnecessary, that the objection of want of jurisdiction may be presented in any way, as by motion, that will enable the court to determine whether the necessary requirement of a petition to the selectmen has been complied with. But it is wholly unnecessary to withhold the determination of this preliminary question until the oftentimes enormous expense of a commission has been incurred.　Section 45 seems to contemplate that the County Court should listen to a showing of cause against incurring the expense of proceedings before commissioners.　The County Court in this case seem to have disposed of the objection interposed, upon the ground that it could not properly entertain it at that stage of the proceedings.　We think this is an erroneous view of the statute.　The plea is good enough as a motion to raise the question of jurisdiction, and that question being raised should be first determined by the court.　The error of the County Court was one of law, going to the jurisdiction.　The case is therefore properly here on exceptions.

*Judgment reversed, and cause remanded.*