MARCUS A. DUNN et al., v. TOWN OF POWNAL.

BENNINGTON COUNTY, 1893.

Before: TAFT, ROWELL, TYLER AND THOMPSON, JJ.

*Petition to county court to lay highway. Selectmen must
have acted. Motion to dismiss. Commencement
of suit. No. 18, Acts 1890.*

1.  A petition to the county court for the appointment of com-
    missioners under R. L. § 2,954, will not lie until the select-
    men have neglected or refused to lay out the highway asked
    for.

2.  Whether the selectmen have so refused to act is a jurisdic-
    tional question, which must be decided by the county court
    before the appointment of commissioners.

3.  And this would be so although the question were improperly
    raised by a motion to dismiss, if both parties proceeded to
    try the issue so made.

4.  Where a petition is brought to the county court for the ap-
    pointment of commissioners to inquire into the necessity of
    a public highway, alleging that the selectmen, upon due
    application to them, have refused to lay said highway, the
    original application to the selectmen is the beginning of
    the suit within No. 31, Acts of 1890, providing that no act
    of the General Assembly should affect any suit begun or
    pending at the time of its passage.

This was a petition for the appointment of commissioners
to lay out a highway, and was heard at the June term, 1891,
MUNSON, J., presiding, upon the defendant's motion to dis-
miss. This motion was based upon two grounds.

1.    Because the selectmen had not, at the time of the bringing of the petition, refused .and neglected to lay said highway.

2.    Because within five years before the bringing of this petition, two other petitions had been brought for the laying of substantially the same highway, in which reports had been made to and accepted by the county court adverse to the laying of the highway.

Witnesses were produced upon both these points by both parties, and a trial had by the court. . Only two judges participated, the third. being disqualified, and these did not agree.    Thereupon the court, *pro forma*, and as a matter of right, appointed commissioners, without disposing of the motion, to which the petitionee excepted.

*Batchelder & Bates* for the petitionee.

That the selectmen should have refused to lay the highway is a condition precedent to the bringing of this suit. *Crawford et al.*, v. *Rutland*, 52 Vt. 412.

*Sheldon & Cushman* for the petitioner.

The court below might, as a matter of discretion, have entertained the motion and dismissed the petition.    It did not do so, but appointed commissioners.    In this there was no legal error, and the judgment should be affirmed.    *Downs et al.*, v. *Reed*, 32 Vt. 787 ; *Patee* v. *Pelton*, 48 Vt. 184; *Reynolds* v. *Conway*, 61 Vt. 314; *Prior* v. *Wilbur*, 63 Vt. 409; *State* v. *Nulty*, 57 Vt. 545 ; *Spaulding* v. *Warner*, 57 Vt. 658.

ROWELL, J.    The petitionee moved to dismiss, for that, among other things, the selectmen had not at the time of the bringing of the petition neglected and refused to lay out and cause to be surveyed a highway, as therein alleged.    Both

parties produced witnesses on that question; but the court, failing to agree, did not dispose of it, but proceeded to adjudge that the petitioners were entitled to the appointment of commissioners as matter of right. This is manifest error. No matter whether a motion to dismiss was a proper way to raise the question or not, the parties proceeded to try it as raised, and it was the duty of the court to decide it; for it was a jurisdictional question, and if found for the petitionee it would have been a sufficient cause for refusing to appoint commissioners. *Crawford* v. *Rutland*, 52 Vt. 412.

Another ground for dismissal set up in the motion was, that within five years from the time this petition was brought two other petitions had been brought, asking for the laying of a highway over substantially the same location, and that commissioners had been appointed thereon, whose reports in each case, adverse to the laying of the highway, had been accepted by the court. Both parties produced witnesses on this question also; but the court, failing to agree, pretermitted it, like the other, and proceeded to adjudge as before stated. This part of the motion is based upon No. 18 of the Acts of 1890, which amends R. L. 2,945, by adding thereto that it shall be a sufficient cause for the county court in its discretion, to deny the appointment of commissioners and dismiss the petition when, within the time aforesaid, two prior petitions had been brought for the purpose and disposed of in the manner aforesaid. This act took effect on November 17, 1890. The petition in this case was brought on November 20, 1890, and the petition to the selectmen was preferred on November 8, 1890. On November 26, 1890, the legislature declared that no act of the General Assembly shall affect any suit begun or pending at the time of its passage, with certain exceptions not necessary to be stated. Acts of 1890, No. 31. The question, therefore, arises, whether the statute pleaded in the motion can affect this case, seeing that the petition to the selectmen was brought

before its passage; and that depends upon whether that proceeding was a "suit" within the meaning of the statute.

The rule adopted by the Supreme Court of the United States in respect of the removal of suits from the State courts to the Federal courts is, that a proceeding not in a court of justice, but carried on by executive officers in the exercise of their proper functions, as in the valuation of property for the just distribution of taxes or assessments, is purely administrative in its character, and cannot, in any just sense, be called a suit; and that an appeal in such a case to a board of assessors or commissioners having no jurisdictional powers, and authorized to determine only questions of quantity, proportion and value, is not a suit; but that such an appeal becomes a suit if made to a court or tribunal having power to determine questions of law and fact, either with or without a jury, and there are parties litigant to contest the case on the one side and the other. *Upshur County* v. *Rich*, 135 U. S. 467, 477. In *Calderwood* v. *Calderwood's Estate*, 38 Vt. 171, it was held that a proceeding before commissioners appointed by the probate court to receive, examine, and adjust claims and demands against the estate, was a suit within the meaning of a statute declaring that a prior statute relating to the competency of witnesses should not affect a suit brought or pending on the day it went into effect.

Now, although a board of selectmen cannot properly be called a court when acting upon any matter, and may not possess so many attributes of a court as do commissioners on the estates of deceased persons, who are officers of the court that appoints them, and whose proceedings are really the proceedings of that court, much as the proceedings before auditors, referees, and masters are proceedings before the court appointing them, yet, in laying out, altering and discontinuing highways, the functions of selectmen are more than administrative; they are largely judicial, and they pro-

ceed much after the manner of judicial bodies, for application must be made to them in writing; they are required to appoint a time for examining the premises and hearing the parties, and to give notice thereof to the petitioners and the persons owning or interested in the land through which the highway may pass, and of the time when they will consider claims for land damages. After examining the premises and hearing the parties, they are to judge whether the public good or the necessity or convenience of individuals requires the highway to be laid out as claimed by the petition, and if they judge that it does, they are to lay it out accordingly, cause it to be surveyed, fix the time within which the own erof lands taken shall remove his buildings, fences and timber, and award land damages. If a land owner is dissatisfied with the laying out of the highway as well as with the compensation for his damages, he may apply by petition in writing to the county court, and any number of persons aggrieved may join in the petition; and when the selectmen do not lay out the highway, any three freeholders of the town or vicinity may apply therefor by petition in writing to the county court. Thus, application to the selectmen and their action thereon are a prerequisite to an application to the county court, which is in effect an appeal to that court from the action of the selectmen, and that court has only appellate jurisdiction, and is confined to the same matter that the selectmen acted upon, and so the proceedings in the county court are but a continuation of the proceedings before the selectmen. *French* v. *Holt,* 53 Vt. 364; *Crawford* v. *Rutland,* 52 Vt. 412. We think, therefore, that it comes within the spirit of the act of November 26, 1890, to hold that the word "suit" as therein used, embraces proceedings before selectmen for laying out highways, and hence, that this case cannot be affected by the statute pleaded in the motion, as it was passed pending the proceedings before the selectmen.

Whether the court might not properly, in its discretion, without that statute, regard the subject-matter of the motion in this respect as constituting sufficient cause for denying the appointment of commissioners and dismissing the petition, as intimated in *Ferguson* v. *Sheffield,* 52 Vt. 77, we express no opinion.

*Judgment reversed, with costs to the petitionee in this court, and cause remanded.*