*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-034

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| David Massey | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Town of Greensboro | } | DOCKET NO. 335-10-12 Oscv |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

The Town of Greensboro and David Massey, a property owner, appeal separately from a superior court order reversing the Town's decision to lay out a class 4 highway on a right-of-way known as Old Perrin Road. The Town contends the trial court erred in concluding that the Town's findings on the necessity of the highway were inadequate. Massey does not contest the court's decision, but nevertheless asserts that it erred in rejecting his assertion that the Town's notice of the proceeding was flawed. We affirm.

On August 1, 2012, the Town selectboard held an administrative hearing to address the question of whether to lay out a class 4 highway over the so-called Old Perrin Road. The minutes of the hearing indicate that the board received evidence and heard testimony pertaining to the question, and subsequently issued a decision and findings, which included the following: Old Perrin Road "so-called, is a right of way adjacent to the south side of the Willey's Store property which extends towards Greensboro Brook past the old Tannery property." For many years, the road "was commonly viewed as a means of access to properties along Greensboro Brook from Town Highway 2," and many viewed it as a public right of way. No Town records, however, show that Old Perrin Road was ever laid out as a public highway, although such evidence may have been among the Town records reportedly lost in a fire in 1831. The selectboard noted that the deeds to some adjacent properties contain references to boundary lines "to the edge" of Old Perrin Road, suggesting but not confirming its status as a public road.

The selectboard explained that it had convened the hearing because the status of Old Perrin Road "as a public right of way, and the related interests of private parties to pass or to control the access along Old Perrin road by others" had become "matters of serious contention . . . not otherwise . . . amenable to resolution." The board found that "[a] practicable way to resolve the confusion" and "quarreling" was to establish a public right of way by laying out a class 4 highway. Accordingly, the board adopted a route proposed by a land surveyor retained for that purpose, along with a suggested modification by David Massey, who had raised "privacy concerns" about the decision's impact on a parcel he owned adjacent to the road.

In considering the effect on private parties, the board found "no evidence that any parcel crossed or abutted by the proposed" highway would be impaired if the right of way became public, and "no evidence of damages to any party for which compensation is both allowable and claimed." On the contrary, the board found that the value of adjacent properties, including Massey's, would be "enhanced" by putting the access issue "to rest."

The selectboard thus concluded that "[t]he public good, necessity and convenience of the inhabitants of the Town of Greensboro require that a class 4 public highway right of way be laid out in such a manner as to provide approximately the same access to adjacent properties as the historical Old Perrin Road" and in such a manner as "to maximize equity" to adjoining landowners and the public.

Massey appealed the Town's decision to the superior court, as authorized by 19 V.S.A. §740(a) and in accordance with Rule 74 of the Vermont Rules of Civil Procedure. Massey's notice of appeal questioned both the necessity of the taking and the amount of damages awarded. The subsequent motion for partial summary judgment purported to relate "only to the question of necessity." Massey maintained that there was no public necessity, and that the highway's purpose was solely to benefit the Town as proprietor of a parcel adjacent to the road, which the Town leases to the Greensboro Historical Society. Thus, Massey suggested that, as the beneficiary of its own action, the Town was "statutorily conflicted in sitting as a judge in its own case" under 12 V.S.A. § 61(a), which provides, in part, that "[a] justice of the supreme court, judge, juror or other person shall not act in a judicial capacity in . . . a cause or matter in which he . . . is interested." Massey also briefly suggested that the ownership of the road bed itself was "unclear," and that the "true owner . . . may not have been given notice," although he acknowledged in the same motion that the Town "gave due notice, [and] held a proper hearing."

The Town also moved for summary judgment, disputing Massey's assertion of a conflict of interest, and arguing that, because the historical record was "incapable of resolving the present acrimonious and disruptive dispute caused by [Massey], the public interest is well served by establishing a public right of way."

Following a brief hearing in August 2014, the parties submitted supplemental memoranda on the adequacy of the Town's notice of the selectboard hearing, and the court issued a written ruling in January 2015. The court observed, at the outset, that the parties had stipulated that the cross-motions "would be dispositive" and had "waived" the appointment of commissioners under 19 V.S.A. § 741, which provides that, in appeals from the laying out of a public highway, the court "shall appoint three disinterested landowners as commissioners, to inquire into the convenience and necessity of the proposed highway," the manner in which it was laid out, and the amount of damages. The court also noted that the parties had submitted a stipulated set of facts "on the question of necessity" as part of the "record upon which the [c]ourt will conduct its review."

The court initially rejected Massey's suggestion that the selectboard was "statutorily conflicted" from "sitting as a judge on its own case" under 12 V.S.A. § 61, finding no necessary conflict, and no basis to conclude that the selectboard hearing was in any way unfair. The court also rejected Massey's claim that, because the fee owner or owners of the road, if any, had not been identified, the board had failed to comply with the statutory requirement that it notify all "persons owning or interested in lands through which the highway may pass or abut" under 19 V.S.A. § 709. An interested person is defined as a person with a "legal interest of record in the

2

property affected." Id. § 701(6). The court found that there were "no unknown owners who need[ed] to be noticed under the statute."

Finally, the court turned to the question of necessity, noting that the Town's decision to lay out a public highway must be supported by a finding that "the public good, necessity, and convenience of the inhabitants of the municipality require the highway to be laid out." Id. § 710. The court also observed that, as provided by § 740(b), the meaning of "necessity" is set forth in 19 V.S.A. § 501(1) as "a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party and the property owner." The statute further explains that due consideration should be given to "the adequacy of other property and locations," the extent of agricultural land taken, the effect on home and homestead rights, scenic and recreational values, the need to accommodate utility installations, the environmental impacts, and the effect on the grand list. Id.

Reviewing the selectboard's findings, the court found that the board had directly or indirectly considered a number of the statutory factors, including the road's effect on the septic system serving Willey's store, an alternative route proposed by Massey, and the impact on the value of adjacent properties. The court further concluded, however, that the board had fundamentally failed to make the necessary findings on the general public "need for the highway project at all," taking into account the "greatest public good and the least inconvenience and expense to the condemning party and the property owner." Id. There were no findings, for example, on the actual or anticipated public use of the road, or the cost to the Town of constructing and maintaining it as a public highway. Although the selectboard made several findings indicating that the actual purpose of laying out the highway was to resolve a dispute among several of the adjacent landowners, the court concluded that this did not demonstrate a general public necessity, and could have been addressed as easily through a declaratory judgment or quiet title action. The court also concluded that it could not determine based on the record before it whether a public highway was necessary. Thus, the court granted Massey's motion for summary judgment and reversed the decision of the Town selectboard. These appeals followed.

The Town contends the trial court abused its discretion in reversing the Town's finding of necessity for a public highway. Although we have acknowledged the need to be "sensitive" to the authority of selectboards over town roads, Hansen v. Town of Charleston, 157 Vt. 329, 335 (1991), we have also stressed that the authority to grant or deny a petition to lay out a public highway is ultimately entrusted to the "superior court in exercising its discretionary power." Id. at 335-36. As we have long recognized: "These highway petitions are, in view of the nature and purpose of the inquiry, addressed largely to the discretionary power of the court. They are based on an alleged public as well as individual necessity and convenience. They involve the imposition or relief of a public burden." Id. at 333 (quoting Ferguson v. Town of Sheffield, 52 Vt. 77, 81 (1879)).

Here, the evidentiary record before the court on the issue of necessity was confined by the parties' joint agreement to waive the appointment of commissioners and submit the issue on the selectboard's findings and a limited set of stipulated facts. Based on that record, we discern no grounds to conclude that the court abused its discretion in determining that the findings on the critical issue of necessity were inadequate. As the trial court observed, they do not clearly address "the general need for the highway project at all" in such basic terms as the actual or anticipated public usage or cost of construction and maintenance. Nor do we disagree with the court's conclusion that the Town's stated purpose of resolving a dispute among a few adjoining

landowners does not establish the requisite public good and necessity. Accordingly, we affirm the judgment reversing the Town's decision to lay out a public highway. Our holding renders it unnecessary to address the claims raised in Massey's separate appeal.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Beth Robinson, Associate Justice